J-S54025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TREVAR B. BAILEY | |
| Appellant | No. 91 MDA 2014 |

Appeal from the PCRA Order December 17, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001471-2007

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:          **FILED SEPTEMBER 05, 2014**

Appellant, Trevar B. Bailey, appeals from the December 17, 2013 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the factual and procedural background of this case as follows.  On April 20, 2007, the Commonwealth filed an information charging Appellant with two counts of possession with intent to deliver (PWID).[1] Appellant entered into a negotiated guilty plea for both charges on May 18, 2011.  After accepting the plea, the trial court imposed an aggregate

---

[1] 35 P.S. § 780-113(a)(30).

sentence of five to ten years' imprisonment.[2]  Appellant did not file a post-sentence motion with the trial court nor did he file a direct appeal to this Court.

On December 14, 2012, Appellant filed a *pro se* motion for time credit.[3]  The trial court denied said motion without a hearing on January 15, 2013.[4]  Appellant did not file a notice of appeal to this Court.  On March 18, 2013, Appellant filed a *pro se* PCRA petition.[5]  The PCRA court appointed

_____

[2] The trial court sentenced Appellant to five to ten years' imprisonment on one PWID count and two to four years' imprisonment on the other PWID count.  Both sentences were to run concurrently to each other and concurrently to a separate sentence Appellant was given in New Jersey.

[3] Appellant's motion was docketed on December 18, 2012.  We note, however, that the certified record contains the envelope in which Appellant mailed the motion, which is postmarked December 14, 2012.  Under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing."  **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012).  Therefore, we treat December 14, 2012 as the filing date.

[4] Although for reasons discussed *infra*, it is not essential to our conclusion in this case, we note that the trial court should have treated this filing as Appellant's first PCRA petition and appointed counsel.  **See Commonwealth v. Heredia**, --- A.3d ---, 2014 WL 3670010, *2 (Pa. Super. 2014) (concluding that a challenge to "a trial court's alleged failure to award credit for time served as required by law … [is] deemed cognizable … in PCRA proceedings[]"); **accord Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004); Pa.R.Crim.P. 904(C) (stating, "the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief[]").

[5] Appellant's PCRA petition is docketed on March 20, 2013; however, the certified record contains the postmark bearing the date of March 18, 2013.
*(Footnote Continued Next Page)*

counsel, who filed an amended PCRA petition on May 30, 2013. The Commonwealth filed its answer on July 10, 2013. On December 12, 2013, the PCRA court held an evidentiary hearing. On December 17, 2013, the PCRA court entered an order dismissing Appellant's PCRA petition. On January 10, 2014, Appellant filed a timely notice of appeal.[6]

On appeal, Appellant raises one issue for our review.

> A. Whether the [PCRA] court erred in denying [] Appellant's request for time credit in his [a]mended [PCRA] petition?

Appellant's Brief at 4.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v.***

_(Footnote Continued)_ _____

Therefore, pursuant to the prisoner mailbox rule we treat March 18, 2013 as the filing date. ***See Chambers***, ***supra***.

[6] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

***Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). As the PCRA time-bar is jurisdictional, we may raise it *sua sponte*, even if the Commonwealth does not do so. ***Commonwealth v. Concordia***, --- A.3d ---, 2014 WL 3615413, *2 (Pa. Super. 2014) (citation omitted).

Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (internal quotations marks and citation omitted). This is to "accord finality to the collateral review process." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and

(iii), are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The act provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In the case *sub judice*, Appellant was sentenced on May 18, 2011 and did not file a post-sentence motion in the trial court or a direct appeal with this Court. Therefore, Appellant's judgment of sentence became final on June 17, 2011, when the filing period for Appellant to file a notice of appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 903(c)(3) (stating, "[i]n a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court[]"). Therefore, Appellant had until June 18, 2012 to file a timely PCRA petition.[7] As Appellant filed the instant petition on March 18, 2013, it was filed 273 days past the deadline, and therefore it is patently untimely.[8]

_____

[7] We note that June 17, 2012 was a Sunday. When calculating a filing period, weekends are excluded from this computation. 1 Pa.C.S.A. § 1908. Therefore, Appellant had until Monday, June 18, 2012 to timely file any PCRA petition.

[8] We note that this computation also renders Appellant's December 14, 2012 *pro se* "Motion for Time Credit" untimely as it was filed 179 days past the deadline.

- 6 -

Furthermore, it is axiomatic that "it is the [petitioner]'s burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013); ***accord Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). After reviewing Appellant's brief, we note Appellant does not allege that any of the three time-bar exceptions applies.

We are cognizant that Appellant's claim in this case goes directly to the legality of the sentence. ***See Beck***, ***supra*** (stating, "[a]n appellant's challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence[]"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. ***See Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction[]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim."

***Seskey***, ***supra***. Based on these considerations, we conclude that the PCRA court lacked jurisdiction to consider Appellant's PCRA petition, as it was untimely filed.[9] ***See Lawson***, ***supra***.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition.[10] Accordingly, the PCRA court's December 17, 2013 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2014

_____

[9] We note that the PCRA court dismissed Appellant's petition on the merits, rather than on the basis of untimeliness. However, we note that as an appellate court, we may affirm the PCRA court on any legal basis supported by the record. ***Commonwealth v. Doty***, 48 A.3d 451, 456 (Pa. Super. 2012).

[10] We observe that if Appellant disputes the Department of Corrections' calculation of the applicable time credit, Appellant is not necessarily without a remedy. Appellant would be able to file a petition for a writ of mandamus in the Commonwealth Court. ***See McCray v. Pa. Dep't of Corr.***, 872 A.2d 1127, 1130-1131 (Pa. 2005) (holding a writ of mandamus is appropriate, "[w]here discretionary actions and criteria are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged[]").