786 A.2d 202

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Phillip WYNN, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 2001.

Decided Dec. 19, 2001.

Jerome Michael Brown, Lansdowne for Phillip Wynn.

Catherine Lynn Marshall, Hugh J. Burns, Jr., Philadelphia, for Commonwealth of Pennsylvania.

Before ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### ORDER

PER CURIAM.

**AND NOW,** this 19th day of December, 2001, the order of the Superior Court is hereby reversed. The matter is remanded to the trial court for resentencing consistent with *Commonwealth v. Butler*, 563 Pa. 324, 760 A.2d 384 (2000).

FLAHERTY, Chief Justice did not participate in the consideration or decision of this matter.

SAYLOR, Justice files a dissenting statement.

SAYLOR, Justice (dissenting).

Appeal was expressly allowed to consider whether a constitutional challenge to a sentencing statute implicates the legality of a sentence. This question is significant to the proper disposition of this appeal, since Appellant failed to challenge the sentencing statute in the trial court, and thus, waiver principles preclude consideration on appellate review of questions that do not concern legality. *See generally Commonwealth v. Hartz*, 367 Pa.Super. 267, 273–77, 532 A.2d 1139, 1143–45 (1987)(Cirillo, P.J., concurring). The majority here elects to grant relief on the merits of the underlying issue without answering the waiver question, proceeding in apparent contradiction to a line of this Court's precedent suggesting that legality is not implicated so long as the sentence imposed falls within the statutory maximum. *See, e.g., Commonwealth v. Miller*, 541 Pa. 531, 562, 664 A.2d 1310, 1325 (1995); *Commonwealth v. Piper*, 458 Pa. 307, 309–11, 328 A.2d 845, 847 (1974).

Certainly there is an argument to be made that the Court's disposition effectuates the interests of justice where, as here, the sentencing statute at issue has been deemed unconstitutional. I believe, nonetheless, that the Court would be best

served by issuing a written opinion to address the apparent inconsistency between its disposition of this case and prevailing precedent. In this way, the intermediate appellate courts and courts of common pleas may know the extent to which the cases are overruled, limited, or otherwise impacted by an exception or exceptions.