872 A.2d 1127

**Michael McCRAY, Appellee,**

**v.**

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Appellant.**

Supreme Court of Pennsylvania.

Submitted July 21, 2003.

Decided April 27, 2005.

Laura J. Neal, for Department of Corrections.

Michael McCray, Evansville, IN, ProSe.

John Packel, Ellen T. Greenlee, Philadelphia, Peter Rosalsky, for Defender Aoosciation of Philadelphia.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, BAER, JJ.

## *OPINION*

Justice NEWMAN.

This is a direct appeal by the Pennsylvania Department of Corrections (Department) from an Order of the Commonwealth Court, entered in its original jurisdiction, granting the Application for Summary Relief sounding in mandamus (Man-

damus Action) that was filed by correctional institution inmate Michael McCray (McCray). The Mandamus Action sought a review of a decision of the Department and requested that the Commonwealth Court order the Department to rescind its decision of July 24, 2000, denying him credit for time served from May 1, 1996 through January 7, 1998. The Order of the Commonwealth Court directed the Department to credit McCray with one year, eight months and six days time served. We reverse the Order of the Commonwealth Court.

## FACTS AND PROCEDURAL HISTORY

McCray was arrested and charged with twenty-seven crimes as the result of an incident that occurred in Philadelphia County on January 31, 1996. He entered into a plea agreement wherein he pled guilty [1] to three charges of aggravated assault,[2] one charge of firearms not to be carried without a license,[3] and one charge of criminal conspiracy.[4] Pursuant to the plea agreement, the Court of Common Pleas of Philadelphia County (trial court) sentenced McCray to eleven and one-half to twenty-three months in the Philadelphia County Prison and a concurrent probation term of ten years, with credit for time served. McCray filed a petition for reconsideration and the trial court vacated the previous sentence and imposed a new sentence consisting of time served to twenty-three months, credit for time served, the immediate

---

1. The details of the incident were not supplied, but the bills of information to which McCray pled guilty were:
 1. Bill No. 1: Aggravated Assault, Felony 1, pursuant to 18 Pa.C.S. § 2702.
 3. Bill No. 3: Firearms Not To Be Carried Without a License, Felony 3, pursuant to 18 Pa.C.S. § 6106.
 9. Bill No. 9: Criminal Conspiracy, Felony 2, pursuant to 18 Pa.C.S. § 903.
 10. Bill No. 10: Aggravated Assault, Felony 1, pursuant to 18 Pa.C.S. § 2702.
 19. Bill No. 19: Aggravated Assault, Felony 1, pursuant to 18 Pa.C.S. § 2702.

2. Bills numbered 1, 10, and 19.

3. Bill number 3.

4. Bill number 9.

grant of parole,[5] and ten years of probation to run concurrently.

On September 17, 1999, McCray's probation was revoked following a determination that he had violated that probation.[6] The trial court sentenced him to a term of two to four years' incarceration for each original count of the aggravated assault[7] and criminal conspiracy[8] charges to run concurrently, to be followed by five years of probation on the criminal conspiracy count. McCray requested credit for the time he served pursuant to the "time served to 23 months" segment of his sentence, which the Department denied.

In September of 2000, McCray, acting *pro se,* filed a Petition for Review in the original jurisdiction of the Commonwealth Court alleging that the Department had calculated his new sentence incorrectly by not crediting him for the time he served from May 1, 1996 to January 7, 1998.[9] He then filed an Application for Summary Relief sounding in mandamus, arguing that he had received two separate sentences of incarceration for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

The Commonwealth Court reviewed applicable case law, particularly *Commonwealth v. Bowser,* 783 A.2d 348 (Pa.Su-

5. McCray was arrested on May 1, 1996, and remained incarcerated until the trial court sentenced him on January 7, 1998. Therefore, he had been in custody for one year, eight months, and six days when the court granted him immediate parole. It is this one year, eight months, and six days of time served that McCray seeks to have credited to his probation revocation sentence.

6. There is nothing in the record indicating the reason for which McCray's probation was revoked other than that there was a finding of guilt at the parole revocation hearing. (Reproduced Record (R.R.), page 184.)

7. Bills numbered 1, 10, and 19.

8. Bill number 9.

9. Although this is not set forth clearly in the Reproduced Record, it appears the Department filed Preliminary Objections to this Petition, alleging that McCray failed to exhaust his administrative remedies because he did not utilize the inmate grievance system. It also appears that the Commonwealth Court entered an Order overruling the Preliminary Objections of the Department on October 12, 2000. (R.R. at 49.)

per.2001), *petition for allowance of appeal denied,* 568 Pa. 733, 798 A.2d 1286 (2002),[10] and *Commonwealth v. Williams,* 443 Pa.Super. 479, 662 A.2d 658 (1995), *petition for allowance of appeal denied,* 544 Pa. 607, 674 A.2d 1071 (1996).[11] The court rejected the holdings in both cases, relying on Section 9760 of the Sentencing Code, 42 Pa.C.S. § 9760, which states that a defendant must be given credit for all time spent in custody under a prior sentence if that defendant is later reprosecuted and resentenced for the same offense.[12] Accordingly, in a published Opinion, the Commonwealth Court granted McCray's Application for Summary Relief sounding in mandamus. We granted allowance of appeal to the Department of Corrections to examine whether mandamus was appropriate.

## DISCUSSION

The Department launches a two-pronged attack on the decision of the Commonwealth Court and argues that an action in mandamus is an inappropriate mechanism to seek review of McCray's sentence because, first, McCray had not exhausted his available remedies and, second, he did not have a clear right to the relief he sought.

The Department asserts that the Commonwealth Court erred in granting McCray's petition because an adequate remedy existed outside of a writ of mandamus. The Department complains that McCray should have availed himself of

**10.** Richard Bowser (Bowser) had his probation revoked because of a new criminal conviction and a new sentence of one to three years was imposed for the original receiving stolen property conviction. Bowser filed a Motion for Time Credit with the trial court, which was denied. He then filed a direct appeal with the Superior Court.

**11.** Following a determination that John Williams (Williams) had violated his probation, he was sentenced to three and one-half to seven years for his original theft by unlawful taking offense, 18 Pa.C.S. § 1103(3). The new sentence did not include the time that Williams had originally served. Williams appealed his sentence directly to the Superior Court.

**12.** Although the Superior Court and the Commonwealth Court "each is bound to give due consideration to the decisions and reasoning of the other, neither is bound to follow as controlling precedent the decisions of the other." *Commonwealth v. McDermott,* 377 Pa.Super. 623, 547 A.2d 1236, 1240 (1988).

the multi-step, Consolidated Inmate Grievance Review System by which inmates may seek redress of complaints arising during their confinement that are not related to prison misconduct. Second, it avers that an inmate who disagrees with the credit applied to his or her sentence should seek relief from the sentencing court, not the Commonwealth Court, because the Department does not have the authority to correct or clarify a sentence.

### *Appropriateness of Mandamus Action*

Initially, we must address the appropriateness of the Mandamus Action within the context of a Petition for Review. The Commonwealth Court has routinely entertained Petitions for Review in the nature of mandamus seeking orders to compel the Department to apply credit for time served. *See, e.g., Alston v. Pennsylvania Bd. of Probation & Parole,* 799 A.2d 875 (Pa.Cmwlth.2002) (treating habeas corpus petition as one in mandamus seeking credit for federal time served); *Saunders v. Dept. of Corrections,* 749 A.2d 553 (Pa.Cmwlth. 2000) (denial of writ of mandamus to compel Department to modify confinement dates after parole revocation); *Doxsey v. Bureau of Corrections,* 674 A.2d 1173 (Pa.Cmwlth.1996) (denying writ of mandamus to compel Department to credit him with time spent in Maryland prison under a detainer warrant). In fact, only the Commonwealth Court is imbued with the authority to issue writs of mandamus or prohibition to other government units, including administrative agencies.[13] *Bethlehem Mines Corp. v. Commonwealth,* 462 Pa. 207, 340 A.2d 435 (Pa.1975); *Saunders, supra.* Where discretionary actions and criteria are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for

---

**13.** Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), bestows original jurisdiction on the Commonwealth Court over "all civil actions or proceedings: (1)[a]gainst the Commonwealth government, including any officer thereof ... except: (i) actions or proceedings in the nature of applications for a writ of habeas corpus or postconviction relief not ancillary to proceedings within the appellate jurisdiction of the court. . . ." Pursuant to this statutory grant of authority, it may issue "every lawful writ and process necessary or suitable for the exercise of its jurisdiction." 42 Pa.C.S. § 562.

mandamus remains viable as a means for examining whether statutory requirements have been met. Accordingly, if mandamus was the appropriate action, the Commonwealth Court was the appropriate forum.

### *Mandamus—Want of any other Remedy*

A proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy; there is a clear legal right in the plaintiff, and a corresponding duty in the defendant. *Jackson v. Vaughn,* 565 Pa. 601, 777 A.2d 436, 438 (2001). The challenge by the Department stems primarily from its assertion that McCray had other adequate and appropriate remedies to render mandamus unavailable to him.

We begin by examining the appropriate method by which to seek relief when there is a question as to the correct application of credit for time served. The Department contends that the Commonwealth Court erred in granting the Mandamus Action because McCray had adequate remedies available to him in the form of the internal prison grievance system and, more importantly, he should have sought relief from the sentencing court.

Chapter 93 of Title 37 of the Pennsylvania Code contains regulations pertinent to state correctional institutions. Section 93.9 establishes an inmate grievance system that provides a forum for prison inmates to complain to the Department about problems that arise "during the course of confinement." 37 Pa.Code § 93.9. That section states:

(a) The Department will maintain an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central

Office of the Department. An inmate will not be disciplined for the good faith use of the grievance systems. However, an inmate who submits a grievance for review which is false or malicious may be subject to appropriate disciplinary procedures. Copies of the directive governing grievance procedures will be made available to the inmates.

(b) Inmates may also pursue available remedies in State and Federal court.

*Id.* This system addresses such problems as the initial decisions regarding cell and work assignments along with the day-to-day living problems associated with incarceration. Problems arising during confinement could include opportunities to make and receive phone calls, availability of legal materials and assistance, visitations, recreation, counseling, and a myriad of other considerations that occur in a system that houses large numbers of persons in confined spaces. The Department is disingenuous in asserting that this is the appropriate mechanism to entertain a legal challenge to an application for credit for time served. If the Department has no authority to correct or clarify a sentence, as it claims, then it is incongruous to contend that its internal grievance system is an available remedy. Further, the General Assembly has not conferred the authority to consider matters of law on the decision-makers of the internal grievance system. Finally, the regulation promulgated by the Department of Corrections enabling the internal grievance system specifically permits inmates to pursue any remedies available to them in state or federal forums. 37 Pa.Code § 93.9(b).

The Department also contends that McCray should have sought relief in the sentencing court rather than the Commonwealth Court because the Department may not alter a sentence. On September 17, 1999, the court imposed a term of two to four years' incarceration plus five years' probation without referring to a credit for time served. We agree with the Department that McCray should have expressed his concerns about this matter by raising an objection, which would have allowed the trial court to clarify its decision. This would

also have preserved the issue for appellate review. Instead, McCray failed to avail himself of the remedy available to him.

### Mandamus—Clear Right to Relief

We must next determine whether McCray had a clear right to relief. The Department relies on the Opinion of the Superior Court in *Commonwealth v. Williams,* 443 Pa.Super. 479, 662 A.2d 658 (1995), *petition for allowance of appeal denied,* 544 Pa. 607, 674 A.2d 1071 (1996). Williams pled guilty and was sentenced to eleven and one-half to twenty-three months incarceration plus a consecutive term of three years probation. His probation was subsequently revoked and a new sentence of three and one-half to seven years incarceration was imposed by the trial court. Williams challenged the sentence and the Superior Court agreed that the time Williams initially spent in prison prior to his probation revocation had to be credited to his revocation sentence because Williams' total confinement would exceed the legal maximum established for his crime.

The Department also relies on *Commonwealth v. Bowser,* 783 A.2d 348 (Pa.Super.2001), *petition for allowance of appeal denied,* 568 Pa. 733, 798 A.2d 1286 (2002). In *Bowser,* the majority of the Superior Court panel held that Section 9760 of the Sentencing Code and *Williams* only apply when the maximum term of the revocation sentence combined with the time previously served on the original sentence exceed the statutory maximum penalty for the criminal charge. Such concerns are not present in the instant matter. Here, the trial court convicted McCray of three counts of aggravated assault graded as a first-degree felony. First-degree felonies are punishable by up to twenty years in prison. 18 Pa.C.S. § 1103(1). The court also found him guilty of conspiracy, which is a second-degree felony punishable by up to ten years in prison. 18 Pa.C.S. § 1103(2). The trial court's probation revocation sentence of four concurrent terms of two to four years of incarceration for the three aggravated assault convictions and the criminal conspiracy conviction plus a consecutive term of five years of probation for the criminal conspiracy conviction is significantly less than the maximum probation

revocation sentence of thirty-five to seventy years of incarceration. Therefore, as in *Bowser*, the concerns regarding the imposition of an illegal sentence that were present in *Williams*, are not at issue in this case.

McCray's position echoes that of Judge Olszewski in his dissenting opinion in *Bowser* in which he expressed his belief that Section 9760(1) of the Sentencing Code mandates that an inmate is entitled to credit on any sentence "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed...." Considering the existence of the *Williams* and *Bowser* decisions, and the fact that Section 9760 appears in Subchapter E of the Sentencing Code governing "Imposition of Sentence" and not in Subchapter F governing "Further Judicial Action," which includes Section 9771 (Modification or revocation of order of probation), it cannot be said that McCray had a clear right to relief.

### Mandamus—Duty of Department

It is beyond cavil that the Department has a duty to credit McCray, as well as all inmates, for all statutorily mandated periods of incarceration. *Martin v. Pennsylvania Bd. of Probation & Parole*, 576 Pa. 588, 840 A.2d 299 (2003). However, this does not end the matter. The Department is an executive branch agency that is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, the Department lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions. Reviewing the sentence imposed by the trial court reveals that the Department has computed McCray's maximum release date in accordance with the sentencing order of the trial court. The sentence imposed by the trial court upon probation revocation, does not indicate that McCray is to receive credit for time served. (R.R. at 15 (Bill 1), 23 (Bill 9), 24 (Bill 10), and 33 (Bill 19)). Accordingly, the Department did not have a duty to credit McCray for the time previously served because the probation revocation judge did not order credit for time served and the Department is without authority to alter sentencing conditions.

## CONCLUSION

McCray fails to meet any of the three criteria required for the issuance of a writ of mandamus. An adequate remedy, which he chose to forgo, was available in the trial court and through the direct appeal process. He failed to establish a clear right to relief. In addition, the Department did not have the duty to allow credit for time served when the trial court did not so provide in its sentencing order.

Accordingly, we reverse the Order of the Commonwealth Court.

Justice CASTILLE files a concurring opinion.

Justice SAYLOR files a concurring opinion.

Justice CASTILLE, Concurring.

I join the Majority Opinion, which correctly holds that mandamus relief against the Department of Corrections is inappropriate in this matter. I write separately to further address the options available to a sentencing judge in a violation of probation/parole ("VOP") hearing, as well as the proper manner by which to challenge an alleged failure to award sentencing credit for time served in the VOP context.

First, I note that the unappealed sentence of the VOP judge here was perfectly proper under the only existing appellate precedent concerning the VOP time credit issue before us, an opinion by Judge (now Justice) Eakin in *Commonwealth v. Bowser,* 783 A.2d 348 (Pa.Super.2001), *allocatur denied,* 568 Pa. 733, 798 A.2d 1286 (2002). The sentence was also consistent with the only existing law prior to *Bowser* on related matters involving the powers of VOP sentencing judges. *See Commonwealth v. Williams,* 443 Pa.Super. 479, 662 A.2d 658 (1995), *allocatur denied,* 544 Pa. 607, 674 A.2d 1071 (1996) (credit for time previously served in prison required in VOP context only because VOP court imposed statutory maximum sentence; in that instance, failure to accord time credit would result in illegal aggregate sentence exceeding statutory maximum).

The facts that are relevant here are that: (1) appellee's underlying claim of an entitlement to have his VOP sentence credited with the time he served prior to his original sentence ripened the very moment his VOP sentence was imposed; (2) appellee should have raised his sentencing credit argument by contemporaneous objection, or on post-sentencing motions, or on direct appeal, or via a petition under the Post Conviction Relief Act ("PCRA") [1]; and (3) appellee failed to do so, instead seeking to employ mandamus to have the Department indirectly undo the VOP judge's reasoned sentencing scheme. Had appellee challenged the sentence in the appropriate fashion on direct appeal, the VOP sentencing judge would have had an opportunity to rule on the matter, explain the basis for his decision, and if he thought the claim had merit, award appropriate relief. The Superior Court then could have ruled on the propriety of the decision (as it did in *Williams* and *Bowser*) and, if relief were deemed required, remanded with instructions, *see Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987) (upon sentencing remand, trial court may reconsider entire sentence where appellate court's ruling altered trial court's sentencing scheme for protection of society and rehabilitation of criminal); and this Court could have intervened if we thought the issue worthy of discretionary review. Even after appellee failed to seek relief directly, the PCRA afforded him a second bite at the apple and a second potential for rational review of his sentencing claim, again beginning with the sentencing judge, the authority in the best position to assess his claim in the first instance.[2]

The basis for appellee's sentencing credit claim did not spring into existence only after he reported to prison; it

1. 42 Pa.C.S. § 9541 *et seq.*

2. Since appellee did not raise his time credit claim via a direct appeal from the VOP proceeding, the sentencing claim would be waived under the PCRA. However, appellee could have resurrected the claim in the usual way that waived claims are resurrected under the PCRA: *i.e.*, by forwarding a derivative claim that his VOP counsel was ineffective for failing to challenge the failure to award time credit, or by arguing another exception to the PCRA waiver provision.

existed all along, and he had ample opportunity to litigate the claim. The fact that appellee clads the waived sentencing claim in mandamus clothing should not have confused the Commonwealth Court into thinking that it was obliged to create a new and extraordinary avenue for collateral attack on sentences. In recent years, this Court has repeatedly emphasized that the PCRA is the "exclusive vehicle for obtaining state collateral relief on claims which are cognizable under the PCRA." *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157, 1162 (2003) (collecting cases). As a consequence, this Court has also consistently disapproved of the judicial creation of *ad hoc* exceptions to the PCRA, such as employing the fiction of *"nunc pro tunc"* awards of relief so as to create a mechanism to avoid the clear requirements of the PCRA. *Id.* at 1158. *See also Commonwealth v. Hall*, 565 Pa. 92, 771 A.2d 1232 (2001) (PCRA petitioner cannot pursue reinstatement of direct appeal rights *nunc pro tunc* outside framework of PCRA). Because appellee failed to challenge his sentence, despite an opportunity to do so before the sentencing court and/or on direct appeal, his exclusive potential collateral remedy sounded under the PCRA. Appellee neglects to address his failure to pursue these defaulted avenues of review.

Because appellee's waived sentencing claim was subject to collateral review either under the PCRA or not at all, I obviously agree with the Majority that the mandamus relief awarded by the Commonwealth Court in this case was erroneous. A claim of entitlement to sentencing time credit could implicate the ministerial duties of the Department and could be a proper subject of mandamus review, but only if the judgment of sentence lawfully ordered that time credit be awarded and the Department then refused to comply with that lawful directive. *See Jackson v. Vaughn*, 565 Pa. 601, 777 A.2d 436, 438 (2001) ("Mandamus is an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy."). No such time credit was ordered by the VOP judge here; accordingly, the

Department was not authorized to violate the sentencing order by awarding time credit on its own. Mandamus cannot properly issue against the Department in such a situation.

Furthermore, even if the merits of appellee's claim for sentencing credit were reviewable on mandamus, I believe it is clear that the claim lacks merit. The Sentencing Code consists of eight subchapters, encompassing "General Provisions," "Sentencing Authority," "Sentencing Alternatives," "Informational Basis of Sentence," "Imposition of Sentence," "Further Judicial Action," "Appellate Review of Sentence," and "Registration of Sexual Offenders." Not surprisingly, Section 9760 of the Sentencing Code, which deals with credit for time served, is found in Subchapter E, which governs "Imposition of Sentence." That Subchapter also addresses related matters such as the computation and order of service of sentences, *id.* § 9761, places of confinement, *id.* § 9762, and the types of sentence which may be imposed—*e.g.,* guilt without further penalty, probation, partial confinement, total confinement, intermediate punishment. *Id.* §§ 9753–56, 9763.

In contrast, the sentencing court's power of "modification or revocation of order of probation" is addressed only in Subchapter F, which governs "Further Judicial Action" after sentence has been imposed. 42 Pa.C.S. § 9771. Though quite detailed otherwise, Section 9771 makes no reference whatsoever to time credit. With respect to revocation of probation, it states that the court "may revoke an order of probation upon proof of the violation of specified conditions of the probation." *Id.* § 9771(b). Once probation is revoked, the Section provides that "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing," with consideration being given to the time spent on probation. *Id.* The provision goes on to require that a hearing be held before probation is revoked, *id.* § 9771(d), and also to impose the following, single limitation upon the VOP judge's sentencing determination:

**(c) Limitation on sentence of total confinement.**—The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

*Id.* § 9771(c).

Thus, the judge in a VOP sentencing proceeding faces very different questions than he does when formulating an initial sentence. The VOP judge is faced with rather unique concerns—concerns not present at initial sentencing—of whether his probationary order and conditions have been violated; if so, whether that violation warrants revocation or some lesser response; if revocation is warranted, whether a sentence of total confinement is warranted; and, if total confinement is warranted, how long the term of confinement should be. The notion that a VOP judge should go to the trouble of formulating a revocation sentencing term which is commensurate with the **violation,** but then be required to **discount** the term formulated for that distinct purpose to account for already-credited time served prior to the initial sentence, is absurd as well as impractical. *See* 1 Pa.C.S. § 1922(1); *Commonwealth v. Gillespie,* 573 Pa. 100, 821 A.2d 1221, 1225 (2003). To double-credit time previously served ignores the very nature of a VOP sentencing proceeding; it is not required under the only provision of the Code addressing VOP sentencing; and I would not read Section 9771 as if it *sub silentio* imported the inapposite requirement from Section 9760.

Perhaps the temptation to overstate the effect of Section 9760 derives from the practical fact, which was recognized by the Superior Court in *Williams,* that a previous period of incarceration may limit the sentencing options of a VOP judge in the sense that it prevents him from imposing a maximum statutory sentence because an aggregate sentence beyond the statutory maximum would be illegal. Thus, in the case *sub judice,* where appellee had already served twenty months and six days on these offenses, the greatest minimum VOP term of

incarceration that could have been imposed for any of appellee's first degree felonies would be eight years, three months and twenty-four days (*i.e.*, ten years minus twenty months and six days). Viewed in this light, a VOP judge adequately "credits" a defendant for "time spent in custody" so long as he does not impose a VOP sentence which, when combined with the initial sentence, exceeds the statutory maximum.

In this regard, I believe that the Superior Court's approach in *Bowser* reflects an accurate understanding of the nature of VOP sentencing options, which stands in contrast to the Commonwealth Court's approach in the case *sub judice:*

> Appellant received ... a maximum of 23 months incarceration and a consecutive 36–month term of probation. He received credit on the former for time spent in jail, and was paroled. While serving the probationary portion of the sentence, his probation was revoked. ... He now wants time previously credited to his incarceration component to be credited to the sentence he received upon revocation of his probation component.
>
> Having received credit for the time in jail on the first component of the sentence, appellant did not spend the last half of the 23–month incarcerative portion of the sentence in jail. Probation began after that credit. Credit has been given once; had no credit been given, he would not have been paroled [as early as he was] ... and his probation would not have begun for some months thereafter. We see no reason to award duplicate credit in the second component of the sentence.

783 A.2d at 349–50 (footnote omitted). So long as the aggregate sentence (initial sentence plus VOP sentence) is less than the statutory maximum, I would hold here, as Justice Eakin did in *Bowser*, that duplicative credit for time served is inappropriate. The VOP sentence here, therefore, was legally sound.

Finally, even if I were able to agree with the Commonwealth Court's contrary reading of the Sentencing Code, I would still disagree with its grant of relief for the further

reason that the VOP sentencing judge should have been afforded an opportunity to respond to that new reading. The Commonwealth Court's reading of the Code would essentially require VOP judges to go through the following cumbersome four-part process **after** finding that total confinement is appropriate: (1) determining what term of incarceration the VOP warrants; (2) adding the previous term(s) of incarceration already served to the term distinctly warranted by the VOP; (3) announcing a new aggregate sentence; and then (4) announcing a "credit" against that aggregate. The notion that a VOP judge is required to offset previous time served against any new VOP sentence he fashions, and thereby must fashion a VOP sentence which is inflated to account for the previous time served to be offset, is certainly novel and would mark a clear departure from existing law. A VOP sentencing judge cannot be faulted for failing to anticipate this reading of the Code, and if such were to become the law, the judge should be given the initial opportunity to fashion a VOP sentence that reflects both the punishment he thought appropriate for the VOP and the endless and duplicative time credit that would have been required by the Commonwealth Court's convoluted reading.

The question of whether a VOP judge properly "credited" the probationer for time already served on the original sentence is primarily a question implicating the VOP sentencing judge's intention in crafting an appropriate sentence. The VOP judge here alone knows what his intention was in sentencing appellee to two to four years' state imprisonment without awarding duplicative "time credit" against the VOP sentence. Appellee's failure to seek timely review via direct appeal or through the PCRA has silenced the VOP judge. The judge being presumptively rational, it is safe to assume that he determined that the VOP alone warranted an additional two to four years' imprisonment in a state correctional facility, in addition to the county time that he was well aware that appellee had previously served. For all the Commonwealth Court knows, the trial court consciously "credited" appellee for his previous sentence by not imposing consecutive

sentences, or harsher ones. Since the judge likely intended that appellee serve two to four years in addition to his previous county term—a perfectly legal sentence—the Commonwealth Court should have afforded him the opportunity to effectuate that scheme.

Justice SAYLOR, Concurring.

Pursuant to Section 9760(1) of the Judicial Code, I believe that express time credit was due for the time that Appellee spent in jail relative to at least one of the offenses that were the subject of his resentencing on violation of conditions of probation. *See* 42 Pa.C.S. § 9760(1) (requiring time credit "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed"); *see also* 42 Pa.C.S. § 9711(b) (prescribing that a sentencing court's alternatives available upon revocation of probation are the same as available at the time of the initial sentencing).[1] In this regard, I would overrule *Commonwealth v. Bowser*, 783 A.2d 348 (Pa.Super.2001), which declined to recognize the requirement for such credit in the context of resentencing following violation of conditions of probation arising from a split sentence on a single offense, and in my view, thereby unduly limited the effect of Section 9760(1)'s plain language.[2]

1. As *amicus curiae* details, the probationary sentence giving rise to the resentencing was a component of a split sentence (i.e., sentencing on a single offense that combines elements of both incarceration and probation), or, more precisely, five overlapping, identical, concurrent, split sentences corresponding to the five charges as to which Appellee pled and was convicted. Thus, Section 9760(1) was facially implicated at the time that Appellee was resentenced in light of his violation of conditions of probation (since the identical charges giving rise to his custody also gave rise to the probationary term).

2. Some of the complexity of our sentencing law arises from the failure to uniformly apply commonly understood procedures such as that which is prescribed by Section 9760(1). A trial court generally has the option of imposing an appropriate sentence up to the statutory maximum on resentencing in light of violations of conditions of probation; the courts merely should apply the straightforward, statutorily-prescribed rule requiring the affordance of credit for time that the defendant has spent in custody as a result of the charge for which the new sentence is imposed. *See* 42 Pa.C.S. § 9760(1). The alternative approach presently in practice results in unevenness and diminished

I concur in the majority's holding that mandamus relief is not available in this circumstance, however, since the General Assembly has designated the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, as a means for obtaining collateral relief relative to an illegal sentence. *See* 42 Pa.C.S. § 9542. Nevertheless, in light of prevailing uncertainty concerning the breadth of the legality-of-sentence exception to general principles of waiver and preclusion (including the PCRA's one-year time bar, *see* 42 Pa.C.S. § 9545(b)) arising in the aftermath of this Court's *per curiam* reversal in *Commonwealth v. Wynn,* 567 Pa. 183, 786 A.2d 202 (2001),[3] I recognize that the present availability of relief to Appellee in the post-conviction setting is unsettled.

clarity in sentencing, and, in my view, departs from the plain terms of the statute.

3. *See generally Commonwealth v. Roney,* 581 Pa. 587, 600–01 n. 32, 866 A.2d 351, 359–60 n. 32, 2005 WL 106771 (Jan. 20, 2005); *Commonwealth v. Aponte,* 579 Pa. 246, 250 n. 1, 855 A.2d 800, 802 n. 1 (2004).