# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

MAURICE FOLEY,

        Appellant

        v.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS,

        Appellee

: No. 16 WAP 2014
:
:
: Appeal from the Order of the
: Commonwealth Court dated March 13,
: 2014 at No. 118 MD 2013.
:
:
:
:
:
:
:
:
:
:

## ORDER

**PER CURIAM:**

**AND NOW**, this 24th day of September, 2014, the Order of the Commonwealth Court is VACATED, and the matter is REMANDED for further proceedings.

The December 10, 1998, sentencing order states, in relevant part, that Appellant is to undergo confinement of "10 months to 60 months effective 12/13/96. <u>This effective date includes 728 days['] credit for time served</u>" (emphasis added).[1] The Commonwealth Court's decision to dismiss Appellant's petition rested, in material part, on its finding that the above sentencing order is ambiguous insofar as whether it "intended to give [Appellant] an additional 728 days of credit or whether the trial court

---

[1] The maximum sentence of 60 months was later adjusted by the Superior Court to 59 months for reasons unrelated to this appeal. <u>See</u> <u>Commonwealth v. Foley</u>, No. 113 WDA 99, <u>slip</u> <u>op.</u> (Pa. Super. July 27, 1999).

had included the 728 days of credit in calculating the sentence." Foley v. Pa. Dep't of Corr., No. 118 M.D. 2013, slip op. at 7 n.7 (Pa. Cmwlth. Mar. 13, 2014). That determination of ambiguity formed the basis for the court's conclusion that the sentencing judge had merely clarified the order in response to an inquiry from the Department of Corrections.

The underlying finding of ambiguity was error:  the order clearly and unambiguously conveys that the 728 days of credit are applied to back-date the effective sentence start date to December 13, 1996. Additionally, the Commonwealth Court described the Department's September 17, 2003, letter to the sentencing court as "requesting clarification of the sentencing order," id. at 3, when in fact the letter (a) opined that the court had improperly given duplicative credit, and (b) reflected an intention (unless expressly directed otherwise) to override the sentencing order by denying such credit based on the Department's interpretation of decisional law.[2] See McCray v. DOC, 872 A.2d 1127, 1133 (Pa. 2005) (observing that the Department is an administrative agency of the Executive Branch and, as such, is charged with faithfully executing orders imposed by the courts, and that it lacks authority to alter sentencing terms and conditions or to assess the legality of sentencing orders).

Nevertheless, it is unclear whether the dismissal of Appellant's amended petition can be supported on alternative grounds.  In any event, whether the pleadings are sufficient to withstand the Department's demurrer, based on any well-pleaded allegations and the unambiguous content of the December 12, 1998, sentencing order,

---

[2] For example, the letter acknowledges that the sentencing order required credit for certain prior intervals of incarceration, and ultimately states that such "[c]redit has been denied" based on the Department's own interpretation of decisional law. See Letter from Dep't of Corr. to the Erie County Court of Common Pleas, dated Sept. 17, 2003, at 1-2, reproduced in Amended Petition, at Exh. D.

is a determination to be made in the first instance by the Commonwealth Court. That court shall undertake such determination consistent with the content of this Order.

Mr. Justice Baer dissents as he believes the sentencing court's December 10, 1998 order is ambiguous.