# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey D. Turner, : 
        Appellant : 
         : 
        v. : No. 1472 C.D. 2016
         : Submitted: January 27, 2017
Sgt. Knight, Sgt. Justice, : 
CO1 Besetter, CO1 John Doe #1, : 
CO1 John Doe #2, M. Lamas Ex : 
Facility Mgr, Jeffrey Rockovan, : 
Major IV, Sgt. Jerry Young, CO1 D. : 
Moyer, CO1 A. Taylor, CO1 N., CO1 : 
Ngwanda, Lt. Settler, CO1 Porte, : 
CO1 John Doe #3, Lt. Lusts : 
B. Rupert Unit Manager of A-Block, : 
Link Unit Manager of J-Block, : 
M. Luciano, R. Shrimp Grievance : 
Coordinator, Deputy, Lt. McEllan, : 
Lt. Foster, Rev. McCoy Chaplain, : 
John Doe #7, Jane Doe #7, CO1 : 
Emerick J-Block, John Doe #8, : 
John Doe #9, B.J. Solomon CCPM, : 
Shawn Kephart, Pitkens Facility : 
Manager, Religious Accommodation : 
Committee, D. Varner Chief : 
Grievance Coordinator, T. Williams : 
Grievance Coordinator, John Wetzel :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                  FILED: February 24, 2017

       Jeffrey D. Turner (Turner), a state prisoner, appeals *pro se* from the order of the Court of Common Pleas of Centre County (trial court) dismissing his

action because he failed to exhaust his administrative remedies as required by Section 6602(e) of Pennsylvania's Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(e), before bringing the action.[1]  We affirm.

Turner filed a complaint, later amended, against certain officers of the Department of Corrections (Department) for incidents that allegedly occurred while he was incarcerated at the State Correctional Institution (SCI) at Rockview.[2] However, because all other actions and defendants were previously dismissed,[3] the

_____

[1]42 Pa.C.S. § 6602(e) provides, in pertinent part:

> **(e) Dismissal of litigation.--**Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
> * * *
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted. . . .

42 Pa.C.S. § 6601 defines "Prison conditions litigation" as "[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison."  Moreover, pursuant to Section 6603(a) of the PLRA, litigation is subject to both federal and state exhaustion requirements with regard to civil rights claims implicating prison conditions. 42 Pa.C.S. § 6603(a). The federal Prison Litigation Reform Act states that exhaustion of administrative remedies is mandatory when federal claims are asserted.  *See* 42 U.S.C. § 1997e; *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).

[2] Turner was transferred out of SCI-Rockview and is currently incarcerated at SCI-Benner Township.

[3] After Turner filed his amended complaint, the Department filed an Answer and New Matter asserting various preliminary objections.  On August 20, 2015, the trial court sustained all of the Department's objections save for the current cause of action before this court, and all other defendants were dismissed from the underlying action.  In the present appeal, Turner does not raise
**(Footnote continued on next page…)**

2

only cause of action that Turner now pursues alleges that on July 12, 2013, defendants Mondy, Taylor and John Doe #4 (collectively, Remaining Defendants)[4] "slammed [him] into the walls and the gate in the [Restricted Housing Unit] strip cage[,] and threatened his life as well,"[5] and that these actions amount to excessive force and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

After the pleadings were closed, the Remaining Defendants filed a motion for summary judgment asserting that the action should be dismissed under Section 6602(e) of the PLRA, 42 Pa.C.S. § 6602(e), because Turner failed to exhaust his administrative remedies as outlined in the Department's Inmate Grievance Review System (Grievance Policy), DC-ADM 804.[6] Affidavits were attached to this motion stating that Turner did not timely file a grievance relating to the allegations in the amended complaint that specifically named the Remaining Defendants.

---

**(continued…)**

any specific arguments with respect to the trial court's previous order sustaining the Department's preliminary objections.

[4] Turner lists "CO1 A. Taylor" in the caption for this matter, above, but fails to include either "Mondy" or "John Doe #4."

[5] (Record (R.) Item 16, Amended Complaint at 5.)

[6] The Department's Administrative Directives, including DC-ADM 804, are available at http://www.cor.pa.gov.

In his response to the Remaining Defendants' motion for summary judgment, Turner contended that he exhausted his administrative remedies by filing Grievance 481695 (Grievance) on October 11, 2013. The Grievance provides:

> Today I received legal mail from my attorney with the [statutes] [t]hat COI Moyer and [COI] Young did in fact [violate] . . . current [policies] as well as show "deliberate indifference" as well as (RLUIPA) [Religious Land Use And Institutionalized Persons Act] under 42 U.S.C. §2000cc to cc5. On July 12th 2013 they both . . . [coerced] me to submit to a "pat search" while attempting to enter B-yard, which resulted in sexual harassment, assault by staff and ethnic intimidation of my person and religious beliefs . . . . I would like this practice stopped as well as $250,000.00 in damages & charges imposed. I have spoken and written to staff as calling [such] as calling the sexual hotline on 7/28/13 [at approximately] 12:00 pm with no results . . . .

(Record (R.) Item No. 56, "Plaintiff's Motion for Summary Judgment, to Challenge Validity of Defendant's Summary Judgment.") Significantly, that Grievance does not name any of the Remaining Defendants and was rejected as untimely because it was filed almost two months after the alleged incident took place.

Turner also contended that he exhausted his administrative remedies pursuant to Grievance Policy DC-ADM 008, "Prison Rape Elimination Act (PREA)," because, as his Grievance provides, he called the Sexual Abuse Hotline (Hotline) on July 28, 2013, to report the incident.

The trial court determined that because Turner's Grievance was untimely, he never filed a grievance under DC-ADM 804 which deals with prison abuse allegations. The trial court also found that DC-ADM 008 does not apply because it only pertains to sexual assault and abuse, which is not alleged against the

4

Remaining Defendants and, in any event, the Hotline call related to a completely different incident of alleged sexual misconduct and did not specifically name or involve any of the Remaining Defendants. Because he failed to exhaust his administrative remedies, the trial court granted the Remaining Defendants' motion for summary judgment and dismissed Turner's action with prejudice.[7] This appeal followed.[8]

On appeal, Turner contends that the trial court erred when determining that he failed to exhaust his administrative remedies because he submitted the Grievance and called the Hotline about an alleged incident of sexual abuse and somehow that should serve as showing that he exhausted his administrative remedies.

The administrative remedies available for complaints regarding prison conditions are set forth in the Department's Grievance Policy and regulations. "Section 93.9 [of the Department's regulations] establishes an inmate grievance system that provides a forum for prison inmates to complain to the Department about problems that arise 'during the course of confinement.' 37 Pa. Code § 93.9." *Morgalo v. Gorniak*, 134 A.3d 1139, 1150 (Pa. Cmwlth. 2016) (quoting *McCray v.*

---

[7] Appealing the trial court's order, Turner attached Grievance Policy DC-ADM 001, contending the trial court erred in not finding that it applied without saying why it should apply. Because Turner failed to raise this issue previously, the trial court correctly reasoned in its Opinion in Response to Errors Complained of on Appeal that the issue is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")

[8] Our review of a trial court order granting summary judgment is limited to determining whether the trial court abused its discretion or committed an error of law. *Manley v. Fitzgerald*, 997 A.2d 1235, 1238 n.2 (Pa. Cmwlth. 2010). Summary judgment may only be granted when, after examining the record in the light most favorable to the non-moving party, the record clearly demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

*Department of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005)).  The Department's Grievance Policy and Inmate Handbook provide that:

> [t]he inmate grievance process begins with the filing of a grievance with the Facility Grievance Coordinator.  . . . 'The [process] requires an inmate who has received an initial determination on his grievance to appeal to the Superintendent and, thereafter, seek final review with [the Department].  If the inmate fails to complete each of these steps, he fails to exhaust his administrative remedies.' *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).

*Morgalo*, 134 A.3d at 1150-51.

Here, affidavits are attached to the Remaining Defendants' motion for summary judgment stating that Turner has not timely filed any grievances related to the underlying incident that specifically name the Remaining Defendants.  Turner also consistently fails to allege that he timely filed a grievance specifically naming and pertaining to actions by the Remaining Defendants, all of which must occur before he is able to maintain his claims.

Accordingly, because Turner has failed to exhaust all administrative remedies, we affirm the trial court's order dismissing this matter with prejudice.

_____
DAN PELLEGRINI, Senior Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey D. Turner,      :
    Appellant     :
           :
    v.      : No. 1472 C.D. 2016
           :
Sgt. Knight, Sgt. Justice,   :
CO1 Besetter, CO1 John Doe #1, :
CO1 John Doe #2, M. Lamas Ex :
Facility Mgr, Jeffrey Rockovan, :
Major IV, Sgt. Jerry Young, CO1 D. :
Moyer, CO1 A. Taylor, CO1 N., CO1 :
Ngwanda, Lt. Settler, CO1 Porte, :
CO1 John Doe #3, Lt. Lusts  :
B. Rupert Unit Manager of A-Block, :
Link Unit Manager of J-Block, :
M. Luciano, R. Shrimp Grievance :
Coordinator, Deputy, Lt. McEllan, :
Lt. Foster, Rev. McCoy Chaplain, :
John Doe #7, Jane Doe #7, CO1 :
Emerick J-Block, John Doe #8, :
John Doe #9, B.J. Solomon CCPM, :
Shawn Kephart, Pitkens Facility :
Manager, Religious Accommodation :
Committee, D. Varner Chief  :
Grievance Coordinator, T. Williams :
Grievance Coordinator, John Wetzel :

# **O R D E R**

   AND NOW, this 24th day of February, 2017, it is hereby ordered that the Court of Common Pleas of Centre County's order dated July 14, 2016, is affirmed.

           _____
           DAN PELLEGRINI, Senior Judge