J-S69045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS DAVIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN THOMPSON, | : | No. 1210 WDA 2017 |
| SUPERINTENDENT S.C.I. MERCER | : | |

Appeal from the Order Entered July 3, 2017
In the Court of Common Pleas of Mercer County Criminal Division at No(s):
83 M.D. 2017

BEFORE:   BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED NOVEMBER 07, 2017**

Appellant Thomas Davis appeals *pro se* from the Order entered in the Court of Common Pleas of Mercer County on July 3, 2017, denying his "Motion for Fraud Upon the Court." Following our review, we quash this appeal for lack of jurisdiction over the claim.

Appellant is an incarcerated inmate at S.C.I. Mercer, and Appellee is the Department of Corrections ("DOC") represented by S.C.I. Mercer's Superintendent Brian Thompson. On January 14, 1992, Appellant was sentenced to an aggregate term of fourteen (14) to twenty-eight (28) years in prison. On June 19, 2017, Appellant filed *pro se* a document titled "Motion for Fraud Upon the Court" wherein he averred DOC fraudulently had miscalculated his sentence and his time to be served. In an Order entered on July 3, 2017, the trial court denied Appellant's Motion without a hearing.

_____
* Former Justice specially assigned to the Superior Court.

On July 17, 2017, Appellant filed his "Amended Notice of Appeal" with this Court wherein he appealed the trial court's July 3, 2017, Order. Thereafter, on July 20, 2017, the trial court directed Appellant to file a concise statement of the matters complained of on appeal within twenty-one (21) days. Appellant complied, and in his "Amended Statement of Matters Complained of on Appeal" filed on August 10, 2017, he essentially asserted that in light of the DOC's perpetration of a fraud upon the court, he remained falsely imprisoned in violation of 18 Pa.C.S.A. § 2903(a).[1]

The trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on August 18, 2017, wherein it requested that this Court deny the appeal and in doing so reasoned as follows:

> Appellant had previously sought relief from this [c]ourt to obtain credit time on an Allegheny County sentence by writ of habeas corpus, but this [c]ourt held that jurisdiction was in Allegheny County and therefore transferred this matter to Allegheny County. Appellant appealed that ruling which is pending at No. 566 WDA 2017. . . . [2]

---

[1] This statute, entitled False Imprisonment, reads as follows:

> **(a) Offense defined.--**Except as provided under subsection (b) or (c), a person commits a misdemeanor of the second degree if he knowingly restrains another unlawfully so as to interfere substantially with his liberty.

18 Pa.C.S.A. § 2903 (a).

[2] In a *Per Curiam* Order entered on September 11, 2017, this Court granted Appellee's Motion to Quash the Appeal of the July 3, 2017, Order.

Appellant's relief cannot be granted in the Court of Common Pleas for two reasons. First, this matter was transferred to Allegheny County so that jurisdiction no longer is with this [c]ourt.[3] Secondly, since this matter is on appeal this [c]ourt also lacks jurisdiction to address his subsequent Motion for Fraud Upon the Court which essentially is the same argument for credit time that is just postured in a different manner. Thus, since the issue is before the Superior Court and was transferred to Allegheny County, this [c]ourt denied the motion without a hearing.

Trial Court Opinion, filed 8/18/17, at 1-2.

In his brief, Appellant presents a single question for this Court's review:

Whether the habeas court abused its discretion by sanctioning fraud upon the court?

Brief for Appellant at 4 (unnecessary capitalization omitted). In support of his claim, Appellant maintains the DOC "fraudulently calculated" his sentence and that its refusal to correct its "falsified calculation" has resulted in Appellant's remaining imprisoned beyond February 25, 2017, the date upon which Appellant argues he should have been released. Brief for Appellant at 7.

This Court is vested with exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas except in those cases within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

---

[3] Where a matter is filed improperly in a court that lacks jurisdiction to hear it, the appropriate action is for that court to transfer the matter to the proper one, not to quash or dismiss it. 42 P.C.S.A. § 5103(a).

42 Pa.C.S.A. § 742. This Court has determined that "[i]f the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." *Commonwealth v. Heredita*, 97 A.3d 392, 395 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 524 (Pa. 2014) *see also Commonwealth v. Wyatt,* 115 A.3d 876, 879-880 (Pa.Super. 2015) (citing *McCray v. Pa. Dept. of Corrections*, 582 Pa. 440, 872 A.2d 1127, 1131 (2005)). (stating "[w]here discretionary actions and criteria are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met."); *Commonwealth v. Heredia,* 97 A.3d 392, 395 (Pa.Super. 2014)(stating "[i]f the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." (citation omitted)). In addition,

> the Commonwealth Court has held that, where an inmate's petition did not challenge the trial court's sentencing order, and instead challenged only the governmental actions of the clerk of court and corrections officials in the wake of that sentencing order (including clerk's generation of commitment form inconsistent with sentencing order), the trial court lacked jurisdiction over the matter, and the petition was properly filed in the Commonwealth Court."

*Heredia*, 97 A.3d at 305, n. 4 (citations omitted).

Herein, Appellant presents a challenge only to the DOC's computation of the sentence he currently is serving. In fact, Appellant presently is pursuing a claim regarding the DOC's improper calculation of his sentence and time credit in the Commonwealth Court at No. 632 M.D. 2016. On September 15, 2017, Appellant filed an "Application for Transfer" of that matter to this Court; however, in a *Per Curiam* Order entered on October 2, 2017, the Commonwealth Court denied the Application. Therefore, we quash the instant appeal for lack of jurisdiction.

Appeal Quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017