# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Davis, : 
 : 
                Petitioner : 
 : 
                v. : No. 632 M.D. 2016
 : Submitted: October 13, 2017
The Pennsylvania Department of : 
Corrections, : 
 : 
                Respondent : 


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                        **FILED:  November 30, 2017**

        Before this Court are cross-motions for summary relief filed by Thomas Davis (Inmate), currently incarcerated at the State Correctional Institution at Mercer, and the Pennsylvania Department of Corrections (Department). Inmate initially filed a petition for review in our original jurisdiction and subsequently filed an Amended Petition for Review. In this action, Inmate seeks the recalculation of his sentence imposed on January 14, 1992. For the reasons set forth below, we deny Inmate's motion for summary relief and grant the Department's cross-application.[1]

---

[1] Rule 1532(b) of the Rules of Appellate Procedure provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application **(Footnote continued on next page…)**

On December 25, 1988, Inmate was arrested on charges of criminal mischief and aggravated assault; he was released on bail in January 1989. While on bail, Inmate was arrested on February 25, 1989 on charges of two counts of robbery, for which he was not convicted, and arrested again on March 7, 1989 on six counts of robbery. He was convicted of criminal mischief and aggravated assault charges and, subsequently, on four of the six counts of robbery.

On June 9, 1989, Allegheny County Court of Common Pleas Judge Joseph James sentenced Inmate to one-to-four years for his conviction on the charges of criminal mischief and aggravated assault; Inmate was given credit for the period from the date of his arrest, December 25, 1988, through the date of sentencing, with a maximum date of December 25, 1992. He was paroled from the one-to-four year sentence on May 2, 1990, but remained in custody on the pending robbery charges.

On January 14, 1992, Inmate was sentenced by Allegheny County Court of Common Pleas Judge W. Terrence O'Brien on four robbery counts to two 7-14 year sentences to be served consecutively and to two 7-14 year sentences to be served concurrently; Inmate was given credit for the period from May 2, 1990, the date on which he was paroled from the sentence imposed by Judge James on the criminal mischief and aggravated assault conviction, through the sentencing date.

---

**(continued…)**
enter judgment if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b). Summary relief may be granted if there are no genuine disputes of material fact and, viewing the evidence in the light most favorable to the nonmoving party, the movant's right to judgment in its favor is clear as a matter of law. *Hospital & Healthsystem Association of Pennsylvania v. Commonwealth*, 77 A.3d 587, 602 (Pa. 2013); *PPL Electric Utilities Corp. v. City of Lancaster*, 125 A.3d 837, 853 (Pa. Cmwlth. 2015) (*en banc*).

Inmate seeks a re-calculation of his 1992 sentence, asserting that the effective date for that sentence should be the date on which he was first arrested on robbery charges, February 25, 1989. Inmate asserts that his maximum date should therefore be February 25, 2017 and not May 2, 2018, as indicated in the Department's Sentence Status Report reflecting its calculation of his total prison sentence. He argues that because he was incarcerated on pending robbery charges at the time he was sentenced on the unrelated criminal mischief and assault charges, under former Pa. R.Crim.P.1406(a),[2] the 1989 sentence and the 1992 sentence must be deemed to run concurrently. Inmate's argument is without merit.

---

[2] During the relevant time period, then-Rule 1406 provided,

> (a) Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise.
>
> (b) A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which dates shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to the imposition of sentence.
>
> (c) When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences.

Former Pa. R.Crim.P.1406. Rule 1406 was amended November 7, 1996, effective January 1, 1997. *See* Final Report issued by the Criminal Procedure Rules Committee explaining the November 7, 1996 amendments published with the Supreme Court's Order at 26 Pa.B. 5694 (November 23, 1996), which provides a summary of the amendments to Rule 1406. The **(Footnote continued on next page…)**

The Department asserts that it properly declined to award Inmate the credit he seeks, as it lacks power to make independent decisions on whether to do so, and merely assigns credit as directed by the sentencing court and the clerk of courts. Indeed, our Supreme Court has opined that the Department, as part of the executive branch, is charged with faithfully implementing sentences imposed by the courts, and lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions. *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1133 (Pa. 2005). Judge O'Brien addressed Inmate's claim in his denial of a petition for writ of habeas corpus filed by Inmate in February 2017. In that opinion, Judge O'Brien took judicial notice of Inmate's 1989 sentence, and the period for which Judge James awarded him credit, which encompassed the February 25, 1989 arrest date on the first of the robbery charges; Judge O'Brien further noted that Inmate's parole date on that sentence was May 2, 1990. Judge

---

**(continued…)**
summary indicates that paragraph (a) was amended to eliminate language that creates a presumption that certain sentences run concurrently unless that judge states otherwise, and to add a requirement that when the sentencing judge is imposing more than one sentence at the same time, or imposing a sentence on a defendant incarcerated for another offense, the judge must state whether the sentences will run concurrently or consecutively.

The summary of amendments further explains that paragraph (b) was deleted because the computation of sentences and credit for time served is a substantive matter and should be governed by statute and case law, and paragraph (c) was deleted because it too creates a presumption on sentencing that should be left to statute and case law. The Final Report further explains a clarifying change to paragraph (a), stating "Paragraph (a) addressed, in part, the circumstance in which 'a sentence is imposed on a defendant who is incarcerated for another offense…' Because a defendant can be incarcerated on charges without being sentenced, the paragraph has been clarified by substitution the word sentenced for the broader term incarcerated." (Pa.B. Doc. No. 96-2002.) Rule 1406 was amended and renumbered as Pa. R.Crim.P.705 effective April 1, 2001.

4

O'Brien dismissed Inmate's petition, stating that he had awarded Inmate credit on the sentence for the robbery convictions from May 2, 1990. (Motion for Summary Relief, Exhibit F.)

Inmate's reliance on former Pa. R.Crim.P.1406(a) is misplaced, as it related to the presumed concurrence of sentences imposed, and not to pre-sentence confinement credit. Judge O'Brien's 1992 sentences were not consecutive, they were in fact concurrent with the 1989 sentence as they began to run before Inmate's maximum date of the sentence on his 1989 conviction. Accordingly, Inmate's Motion for Summary Relief is denied, and the Department's Cross-Motion for Summary Relief is granted. Inmate's Amended Petition for Review is dismissed.

_____
**JAMES GARDNER COLINS, Senior Judge**

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Davis,                          :
                                       :
                Petitioner             :
                                       :
        v.                             :    No. 632 M.D. 2016
                                       :
The Pennsylvania Department of         :
Corrections,                           :
                                       :
                Respondent             :

# O R D E R

AND NOW, this 30th day of November, 2017, Thomas Davis' Motion for Summary Relief is **DENIED**, and the Pennsylvania Department of Corrections' Cross-Motion for Summary Relief is **GRANTED**. Thomas Davis' Amended Petition for Review is **DISMISSED**.

_____
**JAMES GARDNER COLINS, Senior Judge**