J-S21019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT DAVID JOHNSON | : | |
| | : | |
| Appellant | : | No. 300 MDA 2023 |

Appeal from the Order Entered February 8, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000624-1986

BEFORE:   BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: AUGUST 9, 2023**

Appellant Scott David Johnson appeals *pro se* from the order denying his petition for *habeas corpus* relief.  Appellant argues that the trial court erred in concluding that Appellant's 1988 sentence was unambiguous and that it abused its discretion by refusing to direct the Department of Corrections (DOC) to release him from custody.  We affirm.

We adopt the trial court's summary of the relevant facts and procedural history of this matter.  ***See*** Trial Ct. Op., 2/28/23, at 1-3 (unpaginated); ***see also Commonwealth v. Johnson***, 1552 MDA 2019, 2020 WL 1304320 (Pa. Super. filed Mar. 18, 2020) (unpublished mem.).   Briefly, Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

convicted and sentenced for robbery and other offenses in 1988.[1] On October 3, 2022, Appellant filed the instant petition for a writ of *habeas corpus*. Therein, Appellant argued that his sentence was ambiguous because it was unclear whether the sentencing court intended to impose a consecutive or concurrent sentence at count two. Appellant also claimed that DOC erroneously concluded that his sentence at count two was consecutive, rather than concurrent, which resulted in the DOC improperly calculating his maximum sentence. Ultimately, the trial court denied Appellant's petition, noting that any challenges to the DOC's calculation must be raised in a writ of *mandamus* in an original action before the Commonwealth Court.

Appellant filed a timely notice of appeal and a Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, the Appellant raises the following issue:

Did the *habeas* court abuse its discretion when it refused to direct the DOC to discharge Appellant based on the ambiguity reflected in the sentencing hearing transcript as it related to the concurrent sentence the trial court imposed for count 2, that did not clearly evidence the trial judge's intent to impose count 2 as a consecutive term to counts 5, 9, and 10 as the DOC had interpreted, when the November 4, 1987 sentencing order expressly stated only count 4 was to be served consecutive to count 2 period, and the record evidenced that the maximum

_____

[1] We note that although Appellant refers to 1987 as the date of sentencing in his brief, the record reflects that the trial court ultimately vacated two of Appellant's convictions and resentenced Appellant to the same aggregate term of imprisonment in 1988. ***See Johnson***, 2020 WL 1304320 at *1.

sentence had lawfully expired upon clarification of the sentencing transcript as a matter of law?

Appellant's Brief at 3 (formatting altered).

Following our review of the parties' briefs, relevant case law, and the trial court's analysis, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 1-3 (unpaginated). Specifically, we agree with the trial court that Appellant's sentence is not ambiguous and that, to the extent Appellant intends to challenge the DOC's calculation of Appellant's maximum sentence, that claim must be raised in a *mandamus* action before the Commonwealth Court. *See id.* at 3; *see also McCray v. Pa. Dep't of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005). Accordingly, we conclude that Appellant is not entitled to relief, and we affirm the order denying Appellant's petition.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2023