J-S11036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :  IN THE SUPERIOR COURT OF
              :     PENNSYLVANIA
     Appellee    :
              :
     v.       :
              :
CHRISTOPHER MILLER,   :
              :
     Appellant   :   No. 1190 MDA 2014

Appeal from the Judgment of Sentence entered on May 13, 2014
in the Court of Common Pleas of Lackawanna County,
Criminal Division, No. CP-35-CR-0001412-2013

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:    **FILED FEBRUARY 19, 2015**

Christopher Miller ("Miller") appeals from the judgment of sentence imposed after he was convicted of simple assault.[1]  We affirm.

On April 23, 2013, while Miller was incarcerated in the Lackawanna County Prison for a parole violation, he attempted to commit suicide in his cell.  When correctional officers intervened and attempted to place Miller in handcuffs, Miller punched one of them in the head and neck area.  The Commonwealth subsequently charged Miller with simple assault and other related charges.

In February 2014, Miller entered a plea of guilty to simple assault, and, in exchange, the Commonwealth agreed to *nolle pros* the remaining charges.  On May 13, 2014, the trial court imposed an aggravated-range

---

[1] *See* 18 Pa.C.S.A. § 2701(a)(2).

sentence of one to two years in prison. In response, Miller timely filed a Motion for reconsideration of sentence, arguing that the sentencing court erred in failing to consider his rehabilitative needs, *i.e.*, his purported need for treatment of his mental health issues, in imposing sentence. According to Miller, the sentencing court should have imposed a sentence of house arrest, since such sentence would allow him to receive adequate treatment concerning his mental health issues. The trial court denied Miller's Motion, after which Miller timely filed a Notice of Appeal.[2]

On appeal, Miller presents the following issues for our review:

I. Whether the trial court abused its discretion and imposed a manifestly unreasonable sentence by sentencing [Miller] in the aggravated range of the Sentencing Guidelines without giving proper consideration to [Miller's] needs for rehabilitation[?]

II. Whether the trial court committed legal error in denying [Miller] credit for the three [] months and ten [] days of imprisonment that he served between his guilty plea on February 3, 2014[,] and the imposition of his sentence on May 13, 2014[?]

Brief for Appellant at 4.

First, Miller argues that the sentencing court abused its discretion by imposing an aggravated-range sentence without considering his rehabilitative needs, specifically, his need for mental health treatment. ***See id.*** at 7-12.

---

[2] The trial court did not file a Pa.R.A.P. 1925(a) Opinion in this case, which has hampered our review of Miller's issues.

Miller's claim raises a challenge to the discretionary aspects of his sentence, from which there is no absolute right to appeal. ***See Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the discretionary sentencing claim for appellate review by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. ***Hill***, 66 A.3d at 363-64.

Here, Miller included a Rule 2119(f) Statement in his brief. Accordingly, we must determine whether the Rule 2119(f) Statement presents a substantial question for our review. Miller argues that the sentencing court abused its discretion by (1) imposing a sentence in the aggravated range[3] without stating adequate reasons on the record; and (2) failing to consider his rehabilitative needs. ***See*** Brief for Appellant at 7-8. Miller's claims present a substantial question. ***See Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) (noting that a claim that the sentencing court failed to state adequate reasons on the record for imposing an aggravated-range sentence raises a substantial question); ***see also***

---

[3] The standard range sentence for Miller's conviction of simple assault was 6-12 months in prison. The sentence imposed of 12-24 months did not exceed the statutory maximum sentence for this offense.

*Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (holding that a claim that the sentencing court failed to consider a defendant's rehabilitative needs raises a substantial question).

Our standard of review is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) (citation omitted).

The Sentencing Code provides that, when imposing sentence,

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, *and the rehabilitative needs of the defendant* [as well as] any guidelines for sentencing[.]

42 Pa.C.S.A. § 9721(b) (emphasis added). Additionally, subsection 9721(b) provides that, in every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must, in open court, provide a contemporaneous statement of reasons in support of its sentence. *Id.* When evaluating a challenge to the discretionary aspects of a sentence, it is important to remember that the sentencing guidelines are purely advisory in nature. *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007); *see*

- 4 -

*also Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007) (stating that "rather than cabin the exercise of a sentencing court's discretion, the [sentencing] guidelines merely inform the sentencing decision.").

Miller claims that the sentencing court failed to consider his rehabilitative needs under subsection 9721(b), and did not adequately state its reasons for the aggravated-range sentence on the record.[4] *See* Brief for Appellant at 9-11.

Importantly, the sentencing court had the benefit of a pre-sentence investigation report ("PSI"). It is well settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). In discussing *Devers*, this Court in *Ventura* explained as follows:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed

---

[4] In sentencing Miller, the court emphasized that Miller had a significant criminal history and probation/parole violations. *See* N.T., 5/13/14, at 3.

on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors.

***Ventura***, 975 A.2d at 1135 (citation omitted).

Because the sentencing court in the instant case had reviewed Miller's PSI, it is presumed that the court considered his rehabilitative needs, including his alleged need for psychological treatment, as well as any mitigating value that Miller's psychological state may have presented.[5] ***See id.***; ***see also Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2006) (rejecting the appellant's claim that the sentencing court had abused its discretion by imposing sentence without stating adequate reasons on the record, and holding that "[s]ince the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence[.]"). Accordingly, we discern no abuse of discretion by the sentencing court in imposing an aggravated-range sentence in this case.

Next, Miller argues that the sentencing court erred by failing to credit him for time served on his instant conviction between the date of his guilty plea and the imposition of sentence. ***See*** Brief for Appellant at 12-13.

---

[5] At the sentencing hearing, although the judge did not specifically state that he had considered Miller's alleged mental health issues in imposing sentence, Miller's defense counsel brought these issues to the court's attention, and argued that Miller would not have committed the assault had he been of sound mind. ***See*** N.T., 5/13/14, at 2, 3. The sentencing court was also aware of the fact that Miller was attempting to commit suicide prior to assaulting the correctional officer. ***See id.*** at 2 (wherein defense counsel informed that court that at the time of the incident, "[Miller] had a mild psychotic episode where he was in a suicidal state"); ***see also*** N.T. (guilty plea hearing), 2/3/14, at 3.

Specifically, Miller contends that the court should have credited him with the three months and ten days that he had served, prior to sentencing, in the Lackawanna County Prison, where he "was already incarcerated for a violation of parole when the incident occurred that gave rise to the case at hand." *Id.* at 13; *see also id.* (arguing that this period of time should be counted toward the sentence imposed on his simple assault conviction because he served this time for "a combination of the parole violation and the simple assault charge.").

In *McCray v. Department of Corrections*, 872 A.2d 1127 (Pa. 2005), the Pennsylvania Supreme Court held that if a sentencing court fails to properly apply credit for time served, then the remedy is to object before the sentencing court and preserve the issue for appeal to this Court. *Id.* at 1132. In the instant case, Miller did not object at sentencing or in his Motion for reconsideration of sentence that the court failed to give him credit for time served.

Moreover, the certified record before us is minimal, and does not contain adequate information concerning Miller's relevant history of prior sentences, parole violations, credit for time served previously given by the Pennsylvania Board of Probation and Parole, *etc*. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."

***Commonwealth v. Bongiorno***, 905 A.2d 998, 1000 (Pa. Super. 2006) (*en banc*); ***see also Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008) (stating that "during our review of a case, we rely only on facts and documents in the certified record."). For the foregoing reasons, and because the record before us does not support Miller's claim, we cannot grant Miller relief on his second issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2015