J-S79043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :            PENNSYLVANIA

          v.                             :

ROBERT RYGALSKI,                :

           Appellant             :        No. 166 EDA 2016

Appeal from the Judgment of Sentence July 8, 2013
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-1003751-2004

BEFORE:  GANTMAN, P.J., MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED JANUARY 19, 2017**

Robert Rygalski ("Rygalski") appeals from the judgment of sentence entered following the revocation of probation.  We vacate Rygalski's judgment of sentence and remand for further proceedings.

In its Opinion, the trial court summarized the relevant history underlying the instant appeal, which we adopt as though fully restated herein.  ***See*** Trial Court Opinion, 2/23/16, at 1-2.

Rygalski presents the following claims for our review:

I.  Was the sentence imposed by the trial court, which was 2½ to five years in state prison[,] unjust, improper, manifestly unreasonable, and an abuse of discretion because the process [] did not take into consideration [Rygalski's] age, family history and rehabilitative needs?

II.  Was the sentence imposed by the trial court illegal because the trial court did not order that [Rygalski] be given credit for time served?

Brief for Appellant at 2.

Rygalski first challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine

> (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Rygalski filed a timely Notice of Appeal and preserved his issue in a post-sentence Motion. Rygalski also included a Rule 2119(f) Statement in his brief. Accordingly, we will review Rygalski's Rule 2119(f) Statement to determine whether he has raised a substantial question.

Rygalski claims that the trial court abused its discretion by imposing a sentence of 2½ to 5 years in prison, "which was the maximum allowable sentence for a first[-]degree misdemeanor in a 53[-]year[-]old individual who told the court he was sorry for what happened." Brief for Appellant at 3. Rygalski asserts that the trial court based its sentence only on the crime

itself, not taking into consideration his age, family history and rehabilitative needs. *Id.* According to Rygalski, the trial court did not consider a pre-sentence investigation, or that Rygalski had served three years of probation prior to this violation. *Id.* Rygalski relies on an error in the trial court's Opinion, which states that that Rygalski was on probation for aggravated assault (a felony), when he was actually on probation for possessing an instrument of crime (a first-degree misdemeanor). *Id.* (citing Trial Court Opinion, 2/23/15, at 5). Rygalski additionally asserts that the trial court failed to take into consideration the factors set forth at 42 Pa.C.S.A. § 9771, and that his sentence is manifestly excessive. Brief for Appellant at 3.

As this Court has explained, "[a]n appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code[,] or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (internal citations omitted).

> However, "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa. Super. 2014) (citation omitted). In *Commonwealth v. Dodge*, [77 A.3d 1263 (Pa. 2013),] [the Pennsylvania Supreme] Court determined [that] an appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question. *Dodge*, 77 A.3d at 1273.

This Court has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (quoting *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005)). Additionally:

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the [C]ourt to decide the merits of whether the sentence is clearly unreasonable.

*Dodge*, *supra*, at 1270 (internal citations omitted).

*Commonwealth v. Swope*, 123 A.3d 333, 339-40 (Pa. Super. 2015).

Based on our review of the foregoing precedents, we conclude that Rygalski's challenge to his sentence as unduly excessive, together with his claim that the court failed to consider certain factors upon fashioning its sentence, presents a substantial question. Thus, we grant his Petition for allowance of appeal.

In its Opinion, the trial court addressed the merits of Rygalski's challenge to the discretionary aspects of his sentence, and concluded that it lacks merit. *See* Trial Court Opinion, 2/23/16, at 2-5 (addressing the discretionary aspects of Rygalski's sentence, and the challenge to his sentence upon revocation of probation). We agree with the sound reasoning of the trial court, and discern no abuse of discretion in this regard. *See id.*

Accordingly, we affirm on the basis of the trial court's Opinion with regard to this claim. *See id.*

Rygalski next claims his sentence is illegal because the trial court failed to give him credit for time served. Brief for Appellant at 10. Rygalski claims that he should have been given credit from June 8, 2013. *Id.*

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-34 (Pa. Super. 2013) (*en banc*).

A challenge to a trial court's failure to award credit for time served in custody implicates the legality of the sentence and therefore, is appealable as of right. *Commonwealth v. Clark*, 885 A.2d 1030, 1032 (Pa. Super. 2005). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Williams*, 868 A.2d 529, 532 (Pa. Super. 2005).

In its Opinion, the trial court deemed Rygalski's claim waived, based upon his failure to lodge an objection at sentencing. Trial Court Opinion, 2/23/16, at 6. In deeming the claim waived, the trial court relied upon the Pennsylvania Supreme Court's decision in *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127 (Pa. 2005). In *McCray*, the inmate sought relief by means

- 5 -

of a petition for review, in the original jurisdiction of the Commonwealth Court, claiming that the Department of Corrections ("the Department") had failed to credit him for time served. *Id.* at 1129. In rejecting the inmate's claim, the Supreme Court explained that "[t]he Department is an executive branch agency that is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, the Department lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions."[1] *Id.* at 1133.

Here, Rygalski challenged the legality of his sentence, in the court with jurisdiction to adjudicate the legality of his sentence. Further, this Court has long held that a challenge to the legality of a sentence "is nonwaivable and may be considered *sua sponte* by our Court." **Commonwealth v. Williams**, 662 A.2d 658, 659 (Pa. Super. 1995). As such, we will address Rygalski's claim.

Credit for time served is governed by the Sentencing Code, which provides, in relevant part, as follows:

### § 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

---

[1] The Supreme Court ultimately concluded that the Department did not have a duty to credit the inmate for the time previously served, because the probation revocation judge did not order credit for time served, "and the Department is without authority to alter sentencing conditions." **McCray**, 872 A.2d at 1133.

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

Here, the Commonwealth concedes that the certified record is deficient for determining whether Rygalski is entitled to credit for time served. Brief for the Commonwealth at 13. As this claim implicates the legality of Rygalski's sentence, we deem it necessary to vacate the judgment of sentence and remand for further proceedings. On remand, the trial court is directed to ascertain whether Rygalski is entitled to credit for time served,[2] and if so, to resentence Rygalski accordingly. If Rygalski is not entitled to credit for time served, the trial court is directed to resentence Rygalski to the sentence previously imposed.

Judgment of sentence vacated. Case remanded with instructions. Superior Court jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017

---

[2] If necessary, the trial court may conduct an evidentiary hearing regarding this issue.

- 7 -