J-S31009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES GEATHERS | : | |
| | : | |
| Appellant | : | No. 2284 EDA 2021 |

Appeal from the PCRA Order Entered October 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001906-2015

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                **FILED OCTOBER 06, 2022**

James Geathers appeals *pro se* from the order that dismissed his petition for writ of *habeas corpus* as an untimely petition for relief under the Post Conviction Relief Act ("PCRA").  We affirm.

At a bench trial, Appellant was convicted of multiple firearms violations. Appellant was sentenced on May 5, 2016, to a term of six to twelve years of imprisonment followed by five years of probation.  Specifically, the court imposed a sentence of six to twelve years for the second-degree felony conviction of possession of a firearm prohibited, a concurrent term of three and one-half to seven years for firearms not to be carried without a license,

_____

[*] Former Justice specially assigned to the Superior Court.

and a consecutive term of probation for carrying firearms in public in Philadelphia.

Appellant filed a direct appeal, alleging in his Pa.R.A.P. 1925(b) statement that: (1) the evidence was insufficient to prove that Appellant possessed the firearm in question, and (2) his sentence was illegal because the statutory maximum sentence for second-degree felonies is ten years. The trial court agreed that the sentence was illegal, and therefore, on January 4, 2017, entered a corrected sentencing order maintaining the aggregate term of incarceration and supervision, but instead composing it of consecutive sentences with maximums of ten and two years. Accordingly, in his brief to this Court, Appellant abandoned the sentencing challenge and argued only his sufficiency claim. This Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Geathers**, 181 A.3d 1279 (Pa.Super. 2017) (unpublished memorandum), *appeal denied*, 190 A.3d 587 (Pa. 2018). Appellant did not seek review in the U.S. Supreme Court.

The *pro se* petition that is the subject of the instant appeal, titled "Petition for Writ of *Habeas Corpus*," is dated April 1, 2021, and was docketed on April 14, 2021. Therein, Appellant alleged that the trial court lacked jurisdiction or statutory authority to modify his May 5, 2016 sentence on January 1, 2017, rendering his sentence illegal. **See** Petition for Writ of *Habeas Corpus*, 4/1/21, at ¶¶ 18-39. He further asserted that, as a result,

J-S31009-22

he is an unsentenced prisoner entitled to have the charges dismissed. *Id*. at ¶¶ 40-44. Finally, Appellant claimed that the Department of Corrections ("DOC") erred in calculating or applying his credit for time served. *Id*. at ¶¶ 45-49.

The court treated Appellant's petition as his first PCRA petition and appointed counsel, who ultimately filed a motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The court then issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving Appellant's response, the PCRA court dismissed the petition by order of October 21, 2021, and allowed counsel to withdraw. Appellant filed a timely appeal and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[1]

Appellant presents the following questions, which we have re-ordered for ease of disposition:

> 1. Whether the PCRA court erroneously treated the state *habeas corpus* as a PCRA petition for all raised claims in the *habeas corpus*?
>
> 2. Whether the PCRA [court] erroneously dismissed the PCRA petition where (1) the PCRA petition was timely; and (2) the trial

---

[1] The PCRA court's original November 2021 directive for Appellant to file a Rule 1925(b) statement was not properly served upon Appellant. Therefore, the court properly accepted as timely Appellant's statement filed in January 2022. *See*, *e.g.*, *Commonwealth v. Davis*, 867 A.2d 585, 588 (Pa.Super. 2005) (*en banc*) (providing waiver is inapplicable where notice of the need to file a Rule 1925(b) statement was defective).

- 3 -

court interferred [*sic*] with the filing of the PCRA (government interference)?

3.    Whether the trial court had jurisdiction or statutory authority to modify Appellant's sentence, when an appeal was taken and the 30 days allotted to modify was expired?

4.    Whether the trial court erred and/or lacked jurisdiction to modify Appellant's entire sentence, pursuant to 42 Pa.C.S. § 5505?

5.    Whether the trial court's second order is illegal, due to it's [*sic*] ambiguous language and not supported by the record?

6.    Whether the Appellant is a non-sentenced prisoner for case number CP-51-CR-1906-2015 and suffered prejudice as a result?

7.    Whether the Department of Corrections erred in their calculation of time served, time credited and/or misapplied the time served/credit?

8.    Whether the Pennsylvania Probation & Parole Department [("PPPD")] erred in changing the trial court's sentence order?

9.    Whether the DOC and/or PBPP erroneously corrected the trial court's sentencing order?

Appellant's brief at 4 (unnecessary capitalization omitted).

We begin by noting that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013). "Simply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing, there is

no alternative basis for relief outside the framework of the PCRA."
***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa.Super. 2001).

However, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." ***Commonwealth v. Masker***, 34 A.3d 841, 850 (Pa.Super. 2011) (*en banc*). For example, regarding "the different claims a prisoner may raise regarding credit for time served and the mechanisms for raising such claims," we have explained as follows:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

***Commonwealth v. Wyatt***, 115 A.3d 876, 879 (Pa.Super. 2015) (cleaned up).

As indicated above, the bulk of Appellant's petition raises challenges to the legality of his sentence. ***See*** Petition for Writ of *Habeas Corpus*, 4/1/21, at ¶¶ 18-39. Such claims are cognizable under the PCRA. ***See***, ***e.g.***, ***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa.Super. 2019) (noting that the legality of a sentence is always subject to review through a timely PCRA petition). Indeed, we have acknowledged that "the PCRA statute is

intended as the sole means of collaterally challenging a sentence." *Commonwealth v. Concordia*, 97 A.3d 366, 372 (Pa.Super. 2014). Accordingly, to the extent that Appellant challenges his sentence, the court properly deemed Appellant's petition for a writ of *habeas corpus* to be a PCRA petition that was required to satisfy the PCRA's timeliness requirements.

It is well-settled that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). The PCRA provides as follows regarding the time for filing a petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The order that Appellant contends illegally modified his sentence was entered in January 2017 in response to the Rule 1925(b) statement Appellant filed in connection with his direct appeal. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal on July 31, 2018. Consequently, Appellant's judgment of sentence became final on October 29, 2018, when Appellant failed to timely seek review by the US Supreme Court. Therefore, for his PCRA claims to be timely, he had to file his petition on or before October 29, 2019. His petition was not filed until April 2021.

As Appellant titled his filing a *habeas corpus* petition, he did not plead a PCRA timeliness exception therein.[2] In response to the PCRA court's Rule 907 notice, Appellant maintained that the petition sounded in *habeas corpus* rather than the PCRA, but nonetheless asserted that "the time to file a PCRA was not expired" because the corrected sentencing order "took two years to be placed on the docket" and the time for filing a PCRA petition was tolled while he

---

[2] In his ***Turner/Finley*** letter, counsel detailed his assessment of the inapplicability of any of the PCRA timeliness exceptions. ***See Finley*** Letter Brief, 6/22/21, at 3-4.

- 7 -

litigated two *mandamus* actions. **See** Response to Notice of Intent to Dismiss, 8/9/21, at ¶¶ 3-4.

Our Supreme Court has made it plain that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (cleaned up). Our High Court has expressly rejected the notion that the one-year time limit for filing a PCRA petition is tolled while other petitions filed following the conclusion of direct review are pending. **See Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999) (rejecting argument that PCRA time limitation was tolled while a petition was pending). Therefore, Appellant's tolling argument is unavailing.

Insofar as Appellant contends that he was not aware of the fact that the trial court had entered an order correcting his illegal sentence, we conclude that he has failed to establish an enumerated timeliness exception. The certified record does not support his claim that the corrected sentencing order was not immediately docketed, and Appellant alleged no facts to explain why he could not have discovered and brought his claim earlier through the exercise of due diligence. Thus, Appellant has failed to allege facts sufficient to satisfy the newly-discovered-facts or governmental interference exceptions codified at 42 Pa.C.S. § 9545(b)(1)(ii) and (iii).

For these reasons, we conclude that the PCRA court did not err in dismissing his sentencing claims for want of jurisdiction.

To the extent that Appellant's petition challenged the calculations and actions of the DOC, he alleged that he "was granted time-served at the original sentencing," but that it was "later misapplied by the DOC[.]" Petition for Writ of *Habeas Corpus*, 4/1/21, at ¶ 47. These claims do not challenge the legality of Appellant's sentence, and were thus not cognizable through the PCRA. **See Wyatt**, **supra**. Indeed, the PCRA court acknowledged that it erred in applying the PCRA to these allegations. **See** PCRA Court Opinion, 1/25/22, at 10.

However, as the PCRA court also observed, this Court has made it clear that such a time-credit claim is also not cognizable through a petition for a writ of *habeas corpus*, but instead must be pursued "as an original action in the Commonwealth Court." **Wyatt**, **supra** at 780 (citing **McCray v. Pa. Dept. of Corrections**, 872 A.2d 1127, 1131 (Pa. 2005) ("Where discretionary actions and criteria are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for *mandamus* remains viable as a means for examining whether statutory requirements have been met.")). As such, we affirm the court's dismissal of Appellant's time-credit claims on this alternative basis. **See**, **e.g.**, **Commonwealth v. Prater**, 256 A.3d 1274, 1285 (Pa.Super. 2021) ("Although the PCRA court did not deny relief for this reason, we may affirm its ruling for any reason supported by the record.").

For the reasons stated above, we conclude that the PCRA court properly dismissed Appellant's petition for want of jurisdiction, and he is entitled to no relief from this Court.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 10/6/2022*