IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Willie E. Polite, : 
               Petitioner : 
  : 
  : 
       v. : 
  : 
Kenneth R. Hollibaugh, Facility : 
Manager for SCI-Somerset, Stacy : 
Orner, Records Supervisor and Agents : 
of the Department of Corrections : 
and John Does, : No. 249 M.D. 2024
           Respondents : Submitted: August 8, 2025

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                   FILED: September 4, 2025

      Willie E. Polite (Inmate) filed a petition for review (Petition) in this Court's original jurisdiction, seeking relief in mandamus to compel Respondents, "Kenneth R. Hollibaugh, Facility Manager for [State Correctional Institution]-Somerset, Stacy Orner, Records Supervisor and Agents of the Department of Corrections and John Does" (collectively, Department) to revise Department records to indicate that Inmate's sentence for his 1992 conviction of first degree murder is 33 years, 33 months, 33 days instead of a life sentence.[1] The Department has filed

---

[1] We note that this case is properly labeled as a mandamus petition, not a petition for a writ of *habeas corpus*. We observe that Inmate is not seeking release from custody as in a *habeas* proceeding, but rather, is merely demanding that the Department comply with a prior order of this Court relating to his sentencing records. Notably, that order, discussed below, also treated this matter as sounding in mandamus. *Polite v. Dep't of Corr.* (Pa. Cmwlth., No. 359 M.D. 2008, filed Sept. 15, 2008). This matter is actually a follow-up to Inmate's prior petition and likewise sounds in mandamus. (By contrast, Inmate filed a separate petition for a writ of *habeas corpus* in a common pleas court, which was denied, and the Superior Court affirmed the denial on appeal. *Commonwealth v. Polite* (Pa. Super., No. 1657 EDA 2016, filed April 18, 2017), 2017 Pa. Super. Unpub. LEXIS 1457).

various preliminary objections (POs) to the Petition. For the reasons discussed below, this Court will sustain the Department's POs in part, dismiss the POs in part as moot, and dismiss the Petition with prejudice.

## I. Background

In 1993, Inmate was sentenced to life in prison following his 1992 convictions of first degree murder and possession of an instrument of crime. Petition, Appendix A & Appendix B at 3. Notably, the mandatory sentence for first degree murder in Pennsylvania is either life in prison or death. Section 1102(a) of the Crimes Code,[2] 18 Pa.C.S. § 1102(a). At some point in time, Inmate obtained a copy of an electronic Docket Sheet that had incorrectly transcribed his sentence as "Max of 33.00 Years 33.00 Months 33.00 Days." Petition, Appendix A at 3. In 2008, he filed a petition for review in this Court's original jurisdiction, docketed at No. 359 M.D. 2008, seeking a revision of his sentence records to reflect a maximum of 33 years, 33 months, 33 days rather than a life sentence for his first degree murder conviction. *Id.* at 1. On September 15, 2008, this Court issued an order in that matter (2008 Order) sustaining the Department's demurrer and dismissing the petition for review. *Id.* at 1-2. We explained:

> [Inmate], who was convicted of first degree murder and sentenced on April 27, 1993, seeks mandamus to compel [the Department] to revise his sentence status summary to reflect that he was sentenced to a maximum of 33 years, 33 months, 33 days for his first degree murder conviction, and not a life sentence. [Inmate] does not attach a copy of the trial court's sentencing order; ***exhibits to the amended petition for review reflect that [Inmate] received a life sentence*** for first degree murder, although at one time the

---

[2] 18 Pa.C.S. §§ 101-9546.

electronic docket entry report reflected that [Inmate] received a sentence of 33 years, 33 months, 33 days.

The Department . . . has a duty to credit an inmate with all statutorily mandated periods of incarceration; it lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions. *McCray v. Dep['']t of Corr*[.], 872 A.2d 1127 (Pa. 2005). [The Department's] records, relying on the trial court's court commitment sheet, reflect that **[Inmate]** *received a life sentence* for his first degree murder conviction, and *the mandatory minimum sentence for murder in the first degree is life imprisonment*, 18 Pa. C.S. § 1102(a). . . . **[Inmate]** *fails to establish that he is legally entitled to the relief he requests*.

*Id.* (emphasis added). ***Inmate did not appeal from the 2008 Order***.

In 2016, Inmate filed an appeal in the Superior Court after a common pleas court denied his petition for a writ of *habeas corpus*. *See Commonwealth v. Polite* (Pa. Super., No. 1657 EDA 2016, filed April 18, 2017), 2017 Pa. Super. Unpub. LEXIS 1457 (*Polite II*).[3] In affirming the common pleas court's order, the Superior Court, confirmed that ***Inmate had been sentenced to life in prison for his first degree murder conviction and that "the certified record [from the common***

---

[3] This unpublished opinion of the Superior Court is cited pursuant to Section 65.37B of the Superior Court's Internal Operating Procedures, which provides, in pertinent part:

An unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding.

210 Pa. Code § 65.37B.

***pleas court] contains a sentencing order reflecting precisely th[at] judgment of sentence . . . ."*** *Id.*, 2017 Pa. Super. Unpub. LEXIS 1457 at *10 (emphasis added).

In 2024, Inmate filed the instant Petition, seeking the same relief he requested in his 2008 petition for review to this Court. Inexplicably, Inmate claims that the 2008 Order, which is quoted above, directed the record and sentence revision he seeks, and he couches his request for relief here as a demand that the Department comply with the 2008 Order. *See* Petition at 4-5 (implicitly arguing that the 2008 Order "recognized . . . and certified upon the record" Inmate's sentence as 33 years, 33 months, 33 days instead of life) & 5 (averring that Inmate "was sentenced by the Honorable Trial Judge [J]uanita K. Stout, to 33-years, 33-months, 33-days, which is shown in th[e] 2008[] [O]rder"); Br. of Pet'r at 2 (averring that the Department "has ignored the . . . 2008[] Order of this Court since 2008, and still refuse[s] to adjust [Inmate's] sentence status summary sheet[] to reflect the [2008] Order of this Court") & 9 (requesting that this Court order the Department "to adjust [Inmate's] Sentence Status Summary Sheet[] to reflect this Court's [2008] Order . . .").

The Department filed a number of POs, including a demurrer asserting failure to state a claim for relief, as well as an averment of collateral estoppel. Because we sustain both of those POs, we need not reach the remaining POs.

## II. Discussion – the Department's POs

### A. Demurrer

This Court has explained:

A demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law. . . . We sustain a demurrer only when the law undoubtedly precludes recovery; if doubt exists, we should overrule the demurrer. . . . When ruling on a demurrer, a court must

4

> confine its analysis to the complaint. . . . Thus, the court may determine only whether, on the basis of the [petitioner's] allegations, he or she possesses a cause of action recognized at law. . . .

*RT Partners, LP v. Allegheny Cnty. Off. of Prop. Assessment*, 307 A.3d 801, 805 n.6 (Pa. Cmwlth. 2023) (quotation marks and additional citations omitted).

Here, Inmate couches his request for relief as a demand that this Court order the Department to comply with the 2008 Order, which Inmate reads as having "recognized" and "certified" that Inmate did not receive the mandatory minimum sentence of life in prison but, rather, received a sentence of 33 years, 33 months, 33 days. Inmate's demand reflects a fundamental misreading of the 2008 Order, which is quoted above and which manifestly acknowledged Inmate's life sentence. The 2008 Order did not require, either directly or indirectly, that the Department alter its records in any way. To the contrary, the 2008 Order expressly stated that Inmate was not entitled to relief that would revise records to indicate a sentence of 33 years, 33 months, 33 days rather than the mandatory minimum sentence of life in prison. *See* Petition, Appendix A at 1-2.

Additionally, as discussed further below, the Superior Court has likewise concluded that Inmate was sentenced to life in prison and is not entitled to relief related to that sentence. *See Polite II*. Indeed, as this Court observed in the 2008 Order, a life sentence is the mandatory minimum for a conviction on a charge of first degree murder under Section 1102(a) of the Crimes Code. Accordingly, any lesser sentence would have been illegal; thus, Inmate could not have received and cannot now claim a right to a shorter sentence.

For these reasons, we sustain the Department's PO in the form of a demurrer to the Petition.

5

**B. Collateral Estoppel**

Even if Inmate's Petition were otherwise sufficient to set forth a claim on which relief could be granted, it would still be barred by the preclusive doctrine of collateral estoppel, which applies where

> the issue is the same as in the prior litigation; the prior action resulted in a final judgment on the merits; the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Appeal of Coatesville Area Sch. Dist.*, 244 A.3d 373, 379 (Pa. 2021) (additional citations omitted).

Here, the issue Inmate raises is whether he is entitled to a change in the Department's records to reflect a sentence of 33 years, 33 months, 33 days rather than the mandatory minimum sentence of life in prison on his conviction for first degree murder. That is the same issue addressed in the 2008 Order. That order was not appealed and, thus, constituted a final judgment on the merits. Inmate, the party against whom the Department asserts preclusion, is the same petitioner as in the prior action in which the 2008 Order was entered. Inmate had a full and fair opportunity to litigate the issue in that action and does not plead otherwise here.

This Court expressly stated in the 2008 Order that the Department's records and the sentencing court's commitment sheet correctly reflected that Inmate received a life sentence for his first degree murder conviction. Petition, Appendix A at 1-2; *see also id.*, Appendix B at 3. The 2008 Order further observed that the mandatory minimum sentence for murder in the first degree is life imprisonment. *Id.*, Appendix A at 1-2. ***Inmate himself attached the 2008 Order as an appendix to***

6

*the Petition*. Thus, it is beyond cavil that the 2008 Order denied the very relief Inmate is seeking here.

Additionally, we observe that the Superior Court reached a similar conclusion in *Polite II*. In affirming the common pleas court's order denying Inmate's application for a writ of *habeas corpus*, the Superior Court confirmed that ***Inmate had been sentenced to life in prison for his first degree murder conviction and that "the certified record [*from the sentencing court*] contains a sentencing order reflecting precisely th[*at*] judgment of sentence* . . . ." *Id.*, 2017 Pa. Super. Unpub. LEXIS 1457 at \*10 (emphasis added). Thus, not only this Court, but also the Superior Court has ruled that Inmate was sentenced to life in prison (not 33 years, 33 months, 33 days).

Accordingly, we sustain the Department's PO asserting collateral estoppel as a bar to the Petition here.

## III. Conclusion

Based on the foregoing analysis, the Department's POs demurring to the Petition and asserting collateral estoppel are sustained. Inmate's Petition is dismissed with prejudice. The Department's remaining POs are dismissed as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Willie E. Polite,                           :
                          Petitioner        :
                                            :
            v.                              :
                                            :
Kenneth R. Hollibaugh, Facility             :
Manager for SCI-Somerset, Stacy             :
Orner, Records Supervisor and Agents        :
of the Department of Corrections            :
and John Does,                              :    No. 249 M.D. 2024
                          Respondents        :


**PER CURIAM**                    **O R D E R**

            AND NOW, this 4th day of September, 2025, the preliminary objections
(POs) filed on behalf of Respondents, Kenneth R. Hollibaugh, Facility Manager for
SCI-Somerset, Stacy Orner, Records Supervisor and Agents of the Department of
Corrections and John Does (collectively, Department) demurring to the petition for
review (Petition) filed by Willie E. Polite (Inmate) and asserting preclusion under
the doctrine of collateral estoppel are SUSTAINED.  The Petition is DISMISSED
with prejudice.  The Department's remaining POs are DISMISSED as moot.