**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL ISHAM PITTMAN | : | |
| | : | |
| Appellant | : | No. 1069 MDA 2025 |

Appeal from the PCRA Order Entered July 21, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000718-2016

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 06, 2026**

Gabriel Isham Pittman (Appellant) appeals, *pro se*, from the order
dismissing his second petition filed under the Post Conviction Relief Act
(PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the factual and procedural
background underlying Appellant's convictions:

> On November 10, 2015, Appellant, an inmate at State Correctional
> Institute (SCI) Mahanoy, punched Lieutenant Jeffrey Banks, a
> corrections officer at SCI Mahanoy, after Lieutenant Banks asked
> him to leave the prison dining hall.  **See** N.T., 4/4/17, at 24-27.
> On April 28, 2016, the Commonwealth filed an information
> charging Appellant with aggravated assault of a correctional
> officer, simple assault, and summary harassment.[1] … After a jury

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(2), 2701(a)(1), 2709(a)(1).

trial was conducted on April 4, 2017, Appellant was convicted on all counts.

***Commonwealth v. Pittman***, 188 A.3d 510, 958 MDA 2017 (Pa. Super. 2018) (unpublished memorandum at 1-2) (footnote added; record citation modified). "On May 24, 2017, the trial court sentenced Appellant to [an aggregate term of] not less than six nor more than twelve years of incarceration…." ***Id.*** (unpublished memorandum at 2).

Appellant appealed, *pro se*, and this Court affirmed his judgment of sentence on March 8, 2018. ***See id.*** Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On March 4, 2024, Appellant, *pro se*, filed his first PCRA petition. The PCRA court appointed counsel, who filed a supplemental petition. On May 14, 2024, the PCRA court dismissed the petition as untimely filed. Appellant appealed to this Court, but subsequently withdrew his appeal.[2] In the PCRA court, Appellant filed a *pro se* motion for leave to amend his petition. The PCRA court denied the request, noting the petition had already been dismissed. ***See*** PCRA Court Order, 8/6/24.

On June 3, 2025, Appellant filed the instant, *pro se* PCRA petition. We summarize Appellant's claims to the extent we can discern their meaning.

---

[2] Appellant filed a *pro se* notice of appeal. The PCRA court thereafter granted Appellant's counsel leave to withdraw from representation. The PCRA court scheduled a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), but cancelled the hearing when Appellant withdrew his appeal.

- 2 -

First, Appellant claimed the Pennsylvania Department of Corrections (DOC) improperly aggregated his sentence with a prior Lehigh County sentence. PCRA Petition, 6/3/25, at 3(a)-3(b).[3]  Appellant argued his sentencing order in the instant case was ambiguous because, even though it stated the instant sentence was imposed consecutive to the Lehigh County sentence and would commence at the expiration of that sentence, the order elsewhere stated the instant sentence "shall be effective today," *i.e.*, May 24, 2017, the date of Appellant's sentencing hearing.  **Id.** (quoting Sentencing Order, 5/24/17). Appellant demanded the instant sentence be deemed to run concurrently with the Lehigh County sentence.  **Id.**

Next, Appellant claimed the trial court's consideration of his prior record when imposing sentence usurped the jury's fact-finding function and thereby violated **Erlinger v. United States**, 602 U.S. 821 (2024).  PCRA Petition, 6/3/25, at 3(d)-3(g).  Appellant argued **Erlinger** "clarified and expanded" **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United States**, 570 U.S. 99 (2013).  PCRA Petition, 6/3/25, at 3(g).  According to Appellant, the fact of his prior convictions had to be proven to a jury beyond a reasonable doubt.  **Id.** at 3(e).

_____

[3] Appellant utilized a pre-printed PCRA petition form and included an 11-page addendum after page 3, which is paginated as 3(a) through 3(k).  **See generally** PCRA Petition, 6/3/25.

Finally, Appellant claimed his conviction and sentencing violated his rights under the Tenth Amendment. *Id.* at 3(g)-3(k). As far as we can glean from Appellant's petition, he claimed that the Commonwealth's acceptance of federal funds through the Violent Offender Incarceration and Truth-In-Sentencing program (VOITIS), *see* 34 U.S.C.A. §§ 12101-12113, violated the Tenth Amendment's anticommandeering doctrine.[4] PCRA Petition, 6/3/25, at 3(g)-3(k). Consequently, Appellant argued, the Commonwealth's prosecutorial powers were "wholly commandeered and coerced by the unconstitutional *quid pro quo* [of] financial … benefits the Commonwealth annually receives under VOITIS and VOITIS-related federal regulatory programs." *Id.* at 3(h).

On June 17, 2025, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a response to the Rule 907 notice and moved for leave to amend or supplement his petition. On July 21, 2025, the PCRA court entered an order dismissing the PCRA petition as untimely filed. On July 28, 2025, the PCRA court entered an

_____

[4] The Tenth Amendment provides as follows: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. amend. X. Under the anticommandeering doctrine, "Congress may not simply commandeer the legislative process of the States by directly compelling them to enact and enforce a federal regulatory program." *Gustafson v. Springfield, Inc.*, 333 A.3d 651, 678 (Pa. 2025) (quotation marks and brackets omitted) (quoting *New York v. United States*, 505 U.S. 144, 161 (1992)).

additional order denying Appellant's motion for leave to amend or supplement the petition.

Appellant timely appealed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925. Appellant presents a single question for our review:

> Did the [PCRA] court err against the Supremacy Clause [of the United States Constitution] when enforcing the PCRA's jurisdictional [time-]bars to preclude relief from a particular species of federal *habeas corpus* claims asserting all underlying federal VOITIS-coerced state judgments of conviction and sentence, as well as the arbitrarily VOITIS-coerced aggregated/recomputed sentence, are structurally *void ab initio* under **Andrew** [**v. White**, 604 U.S. 86 (2025), which ]govern[s] earlier rules of clearly established federal laws interpreting the Fifth, Sixth, Tenth[,] and Fourteenth Amendments[,] as adopted and affirmed by new substantive and structural state[] laws of [**Commonwealth v.**] **Shifflet**[, 335 A.3d 1158 (Pa. 2025),] and **Gustafson**, as well as this Court's recent clarification of Pa.R.Crim.P. [] 705 and reaffirmation of **McCray v.** [**Pennsylvania Dep't of Corr.**, 872 A.2d 1127 (Pa. 2005),] in **Commonwealth v. Lua**, [332 A.3d 125 (Pa. Super. 2025)], particularly where all aforemention[ed] structural *void ab initio* errors arise from unconstitutional affirmatively required judicial fact[-]finding of federal VOITIS "1 or more prior occasions"-recidivism enhancement factors embedded in the Prior Record Score-recidivism component of the VOITIS-commandeered indeterminate state sentence and release guidelines further effectuated by VOITIS-conscripted [] DOC officers' VOITIS-mandated implementation of "correctional policies," *i.e.*, aggregation, ensuring VOITIS-directed "sufficiently severe punishment"?

Appellant's Brief at 2-3 (grammatical errors in original).

Preliminarily, we observe that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Commonwealth v. Westlake**, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citation omitted). "To the contrary, any person choosing

to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted). *Pro se* litigants "must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects [in an appellant's brief], we will be unable to perform appellate review." *Id.* at 1038 (citation omitted); *see also* Pa.R.A.P. 2101 (if the defects in an appellant's brief "are substantial, the appeal … may be quashed or dismissed."). Relatedly, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted). "When an appellant's argument is underdeveloped, we may not supply it with a better one. In such situations, we shall not develop an argument for an appellant …; instead, we will deem the issue to be waived." *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 884-85 (Pa. Super. 2019) (citation, quotation marks, and brackets omitted).

Instantly, Appellant's brief violates Pa.R.A.P. 2117, which requires an appellant's statement of the case to set forth, *inter alia*,

> [a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found.

- 6 -

Pa.R.A.P. 2117(a)(4). Appellant's statement of the case neither sets forth the facts of his case nor cites the record, but rather presents legal arguments. *See* Appellant's Brief at 3-4. Additionally, Appellant's argument includes no citations to the record. *See id.* at 3-17; *see also* Pa.R.A.P. 2119(c) ("If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, … a reference to the place in the record where the matter referred to appears."); *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*) (where an appellant fails to cite the record, this Court will not "scour the record to find evidence to support an argument"). Finally, Appellant's brief advances a plethora of assertions regarding VOITIS, but never clearly explains what VOITIS is or how it relates to his own convictions or sentence. *See generally* Appellant's Brief. Despite these defects, we will address Appellant's arguments to the extent we can discern them.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

Before reaching a PCRA petition's substantive merits, we must first consider its timeliness. ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014). "If a PCRA petition is untimely, a court lacks jurisdiction." ***Commonwealth v. Reeves***, 296 A.3d 1228, 1230-31 (Pa. Super. 2023). A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3).

Here, Appellant's judgment of sentence became final on April 8, 2018, at the expiration of the time for seeking allowance of appeal in the Pennsylvania Supreme Court. Appellant's June 3, 2025, petition is therefore facially untimely.

"However, a petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)." ***Reeves***, 296 A.3d at 1231. The exceptions are:

(i) **the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim** in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) **the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period**

**provided in this section <u>and has been held by that court to apply retroactively</u>**.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (emphasis added).  A petition invoking an exception to the jurisdictional time-bar must be filed "within one year of the date the claim could have been presented."  **_Id._** § 9545(b)(2).

Instantly, in connection with his ambiguous sentence claim, Appellant's petition invoked the governmental interference exception set forth in Section 9545(b)(1)(i).  PCRA Petition, 6/3/25, at 3, 3(a).  Appellant argued the actions of the Schuylkill County Clerk of Courts and the DOC in aggregating his sentences constituted governmental interference.  **_Id._** at 3(a).  However, Appellant's brief does not mention the governmental interference exception to the PCRA's timeliness requirement, and therefore any argument regarding this exception is waived.  **_See generally_** Appellant's Brief.

Nevertheless, we observe that the PCRA court addressed Appellant's invocation of the governmental interference exception as follows:

> [Appellant alleges] that the aggregation of his sentences and the ambiguity of his sentencing order constitutes [governmental] interference.  That is not what governmental interference means; rather, interference [involves] the government preventing a defendant from raising the PCRA claim [in a] timely [manner]. [Appellant merely] cites to what he believes are illegalities regarding his sentence.  This does not equate to interference, and even if it did, [Appellant identifies] no reason as to why [the claim] could not have been [raised] sooner.

Order, 7/21/25, at 1 n.1 (unpaginated).  We discern no error or abuse of discretion in the PCRA court's determination that Appellant failed to establish the governmental interference exception.

Next, we consider Appellant's invocation of the newly-recognized constitutional right exception set forth in Section 9545(b)(1)(iii). **See** PCRA Petition, 6/3/25, at 3, 3(b)-3(k). Though Appellant's brief does not explicitly invoke this exception, his argument is replete with references to recent caselaw that he asserts applies retroactively, including **Andrew**, **Erlinger**, **Gustafson**, and **Shifflet**. **See** Appellant's Brief at 5, 7, 8, 14. However, Appellant fails to quote any language suggesting that these decisions have been held to apply retroactively. **See id.** Our review confirms that none of these decisions have been held to apply retroactively. **See generally Andrew**, 604 U.S. 86; **Erlinger**, 602 U.S. 821; **Gustafson**, 333 A.3d 651; **Shifflett**, 335 A.3d 1158. Accordingly, we affirm the PCRA court's determination that Appellant failed to establish the newly-recognized constitutional right exception.[5, 6, 7]

_____

[5] The PCRA court rejected Appellant's invocation of the newly-recognized constitutional right exception by observing that the authorities Appellant cited do not apply to the substantive claims he purported to advance. **See** Order, 6/21/25, at 1 n.1 (unpaginated). We express no opinion on this question, and instead base our holding on Appellant's failure to identify any authorities which have been held to apply retroactively.

[6] As the authorities Appellant relies upon have not been held to apply retroactively, we need not consider whether they recognized new constitutional rights.

[7] Appellant cites **Commonwealth v. Cobbs**, 256 A.3d 1192 (Pa. 2021), in which the Pennsylvania Supreme Court recognized that, in **Montgomery v. Louisiana**, 577 U.S. 190 (2016), the United States Supreme Court declared that its decision in **Miller v. Alabama**, 567 U.S. 460 (2012), applied
*(Footnote Continued Next Page)*

Finally, Appellant argues the PCRA's one-year jurisdictional time-bar violates the Supremacy Clause of the United States Constitution.[8] Appellant's Brief at 5, 8-9. Appellant relies on **Williams v. Reed**, 604 U.S. 168 (2025), in which unemployed workers in Alabama

> sued the Alabama Secretary of Labor in state court under 42 U.S.C. § 1983, … seeking a court order requiring the [Alabama] Department [of Labor] to process their [unemployment benefits] claims more quickly. The Alabama Supreme Court ruled that the claimants could not sue under § 1983 to challenge delays in the administrative process until the claimants completed that process. But that ruling created a catch-22: Because the claimants cannot sue until they complete the administrative process, they can never sue under § 1983 to obtain an order expediting the administrative process.

**Williams**, 604 U.S. at 170. The Supreme Court agreed with the claimants:

---

retroactively. **See** Appellant's Brief at 5, 6, 9, 11. **Miller** "held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." **Montgomery**, 577 U.S. 193-94. Appellant does not argue that **Miller** applies to his PCRA claims. Rather, his reliance on **Cobbs** reflects his general misapprehension of retroactivity under Section 9545(b)(1)(iii). **See** Appellant's Brief at 5, 6, 9, 11. As far as we can glean, Appellant asserts the authorities he relies upon *should* be deemed retroactive for the same reasons **Miller** was. **See id.** However, neither the PCRA court nor this Court can deem decisions retroactive for purposes of Section 9545(b)(1)(iii); only the United States Supreme Court or Pennsylvania Supreme Court can do that. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii).

[8] The Supremacy Clause provides as follows: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2.

- 11 -

In the unusual circumstances presented here—where a state court's application of a state exhaustion requirement in effect immunizes state officials from § 1983 claims challenging delays in the administrative process—state courts may not deny those § 1983 claims on failure-to-exhaust grounds. This Court has long held that "a state law that immunizes government conduct otherwise subject to suit under § 1983 is preempted, even where the federal civil rights litigation takes place in state court." *Felder v. Casey*, 487 U.S. 131, 139 … (1988). As the Court has explained, States possess "no authority to override" Congress's "decision to subject state" officials "to liability for violations of federal rights." *Id.* at 143…. That principle bars any state rule immunizing state officials from a "particular species" of federal claims, even if the immunity rule is "cloaked in jurisdictional garb." *Haywood* [*v. Drown*], 556 U.S. [729], 739, 742 [(2009)]….

*Williams*, 604 U.S. at 174; *see also id.* at 177 (where a law operates as "an immunity statute in jurisdictional garb," to treat "the jurisdictional label as dispositive would allow the Supremacy Clause to be 'evaded.'" (quoting *Haywood*, 556 U.S. at 742)).

Here, Appellant argues the PCRA's jurisdictional time-bar is an immunity statute "cloaked in jurisdictional garb," and therefore violates the Supremacy Clause. Appellant's Brief at 9 (quoting *Williams*, 604 U.S. at 174); *see also id.* at 5, 8. However, our review discloses *Williams* is inapposite. The PCRA's jurisdictional time-bar does not immunize state officials from liability for violations of federal rights. Moreover, Appellant fails to clearly identify any federal law which he claims preempts the time-bar's application. Accordingly, Appellant's Supremacy Clause argument fails.

For the foregoing reasons, we agree with the PCRA court that Appellant's petition failed to establish any exception to the PCRA's one-year time-bar.

Appellant's sole appellate issue therefore merits no relief, and we affirm the PCRA court's order dismissing the petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/06/2026